Arvid L. **PARMLEY**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–1578.

United States Court of Veterans Appeals.

May 11, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On November 25, 1991, appellant filed his principal brief. When, after two extensions of time, the Secretary of Veterans Affairs (Secretary) on January 22, 1992, filed his response to appellant's brief, it was accompanied by a motion to file a supplemental record on appeal. The motion states only that counsel for the Secretary "discovered that several pertinent items had been inadvertently omitted from the record and that the supplemental record is comprised of previously omitted documents which are deemed to be relevant to the instant appeal." The supplemental record proffered by the Secretary is actually larger than the previously transmitted record on appeal. On April 9, 1992, appellant was ordered to notify the Court whether he opposed the filing of all or any part of the supplemental record. Appellant's response, filed on April 23, 1992, argues that accepting the supplemental record on appeal would result in undue prejudice. Because appellant's brief did not account for the "omitted" documents, appellant suggests that he would be required to file an amended brief which would unnecessarily delay this appeal.

Rule 11(b) of this Court's Rules of Practice and Procedure requires that a supplemental record be filed within 30 days after the record on appeal has been transmitted. Mandating that the supplemental record be filed within 30 days after the transmission of the record affords appellant the opportunity of having the entire record available when drafting his brief. In this case, the supplemental record was proffered 92 days after the transmission of the record on appeal, and the Secretary did not submit a motion to file the supplemental record out of time.

The situation precipitated by the Secretary's motion and the size of the supplemental record on appeal raise serious concerns about the manner in which the record on appeal was compiled in this case. Because the government is the custodian of the records which become the record on appeal, and because the content of an appellant's claims file is generally not known to an appellant during the process of counter designation, the Court relies on counsel for the Secretary to act as an impartial officer of the Court when designating the record on appeal. The perception of impropriety is unavoidable in a situation, as here, where after the record has been transmitted and appellant's brief filed, the custodian of the records "discovers" that relevant items have been omitted. It is only stating the obvious to observe that the purpose of the briefing is frustrated when one party submits a brief and the other party's answer brief is based upon a modified record on appeal.

On consideration of the foregoing, it is

ORDERED that counsel for the Secretary, within 20 days after the date of this order, inform the Court, through sworn affidavits, when and how she discovered that relevant items were omitted from the record on appeal and why this discovery was not brought to the Court's attention until after appellant's brief had been filed.