of the record, appellee's motion for summary affirmance, and appellant's informal brief, the Court holds that the Secretary's motion is denied, the decision of the BVA is VACATED, and the case is REMANDED for readjudication consistent with this decision.

ZO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–250.

United States Court of Veterans Appeals.

March 30, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant veteran appeals from a 1991 decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for a back disorder. Summary disposition is appropriate here because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet. App. 23, 25–26 (1990). Because the veteran has failed to submit new and material evidence to reopen his previously denied claim, the Court will affirm the Board's decision. Pursuant to Rules 11(c)(2) and 48 of this Court's Rules of Practice and Procedure, the Court, sua sponte, on March 19, 1993, sealed the record of this appeal and assigned the appellant an encoded identifier, "ZO". *See* U.S.Vet.App.R. 11(c)(2), 48; 38 U.S.C.A. § 7268(b)(1) (West 1991).

## I. BACKGROUND

The veteran served in the United States Army from November 1972 to December 1974 and from October 1977 to October 1981. R. at 169, 195. His service medical records (SMRs) indicate that in March 1981 he sought medical treatment for low back pain with radicular pain in the left knee. R. at 12. A physical examination resulted in an impression of left sacroiliitis (inflammation of the sacroiliac joint, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1479 (27th ed. 1988) [hereinafter DORLAND'S]) and lumbar radiculitis (inflammation of the root of a spinal nerve, DORLAND'S, at 1405). *Ibid.* Although his August 1981 separation examination showed that he had a clinically normal spine and musculoskeletal system, R. at 21, he had noted on his discharge history form that he then suffered from recurrent back pain. R. at 24. The remaining SMRs are negative for complaints of or treatment for a back disorder. R. at 1–11, 13–19, 21–23, 27–37.

In November 1984, the veteran received outpatient treatment at a Veterans' Administration (now Department of Veterans Affairs) (VA) medical center (MC) for complaints of pain in the right sacroiliac joint area and muscle twitching in the right leg. R. at 41. A physical examination resulted in an impression of somatic dysfunction (relating to skeletal muscles, WEBSTER'S MEDICAL DESK DICTIONARY 662 (1986) [hereinafter WEBSTER'S]) of the right sacroiliac joint. R. at 41. In the report of an April 1985 VA medical examination, he stated that he had received medical treatment for his back condition beginning in October 1984. R. at 50. Upon physical examination, he was diagnosed with lumbar disc disease of the third, fourth, and fifth lumbar vertebrae. R. at 53. In June 1985, he was hospitalized at a VAMC where myelography testing revealed a bilateral stenosis between the fourth and fifth lumbar vertebrae. R. at 59. In July 1985, he underwent lumbar laminectomy and diskectomy procedures at a VAMC for a herniated nucleus pulposus (elastic pulpy mass lying in the center of each intervertebral fibrocartilage, WEBSTER'S, at 484) between the fourth and fifth lumbar vertebrae. R. at 61–62.

In January 1985, the veteran sought service-connected disability compensation for residuals of a back injury. R. at 130. At a November 1985 personal hearing conducted at a VA regional office (RO), he testified under oath that, despite suffering from moderate back pain at the time of his separation from service and thereafter, he had not sought medical treatment for his back disorder until October 1984, some three years after his separation. R. at 101–02. After service connection was denied by the VARO, the BVA also denied his claim in

August 1986. R. at 129–41. In March 1989, he reopened that claim, R. at 169–72, 197, and, in June 1989, the RO confirmed the prior denial. R. at 184. In April 1990, after considering additional evidence submitted on behalf of the veteran subsequent to the final June 1989 RO decision, the rating board again confirmed the denial of service connection for a back disorder. R. at 275–78. He then appealed that rating decision to the BVA which issued the adverse decision here on appeal.

## II. ANALYSIS

Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary of Veterans Affairs (Secretary) must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must conduct a two-part analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *Ibid.* If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin, supra.*

■ In the instant case, it is unclear whether the Board found that the evidence submitted since the Board's August 1986 decision was not new and material and thus did not reopen the claim or whether it reopened the claim and denied it on the merits. The Board concluded as a matter of law that the evidence received since its August 1986 decision "does not establish a new factual basis for a grant of service connection for a back disability". BVA decision, at 8. All of the evidence submitted on behalf of the veteran subsequent to the prior final disallowance, in the RO's June 1989 decision, of his claim for service connection for a back disorder relates to the treatment of his current condition and does not establish an etiological relationship between that condition and his period of active military service. Therefore, in the absence of any evidence, old or new, of a current disability which could be attributable to service, the Court finds no new evidence which, when viewed in the context of all the evidence, creates "a reasonable possibility" of a changed outcome. *See Colvin, supra; Godfrey v. Derwinski*, 2 Vet.App. 352, 356 (1992); *Rabideau v. Derwinski*, 2 Vet.App. 141, 143 (1992). There is thus no new and material evidence on the basis of which the veteran's claim may be reopened. Consequently, because the Board nevertheless denied the appellant's claim, any error committed in reopening or in the course of adjudicating that claim was harmless error. *See* 38 U.S.C.A. § 7261(b) (West 1991); *Shapiro v. Derwinski*, 2 Vet. App. 477, 478 (1992); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski*, 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 254 (1991). Accordingly, the Board's decision will be affirmed.

■ The Court notes that under Rule 10 of this Court's Rules of Practice and Procedure, the Secretary is required to "file with the Clerk and serve on the appellant a designation of all material in the record of proceedings before the Secretary and the Board which the Secretary considers *relevant to the appeal*". (Emphasis added.) In this case, the Secretary included in the record on appeal the results (which were, fortunately, not positive) of the appellant's HIV tests. The Court is unable to fathom

how the Secretary could possibly consider the appellant's HIV status to be even remotely relevant to the issues raised in this appeal. Because "the Court relies on counsel for the Secretary to act as an impartial officer of the Court when designating the record on appeal", *Parmley v. Derwinski*, 2 Vet.App. 383, 384 (1992) (single-judge order), the Court takes this opportunity to caution the Secretary against including such evidence in the record when, as here, such evidence is clearly irrelevant in deciding the appeal and also potentially prejudicial and stigmatizing to an appellant. *See* 38 U.S.C.A. § 7332 (West 1991); *Pritchett v. Derwinski*, 2 Vet.App. 116, 128–30 (1992) (Steinberg, J., concurring in part and dissenting in part).

### III. CONCLUSION

Upon consideration of the record and the submissions of the parties, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7261, 7252, 5107(b), 7104(d)(1) (West 1991) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Court grants the Secretary's motion for summary affirmance and summarily affirms the 1991 BVA decision.

AFFIRMED.