# United States Court of Appeals for the Federal Circuit

05-7113

LARRY D. BARRETT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

James R. Barney, Finnegan, Henderson, Farabow, Garrrett & Dunner, L.L.P., of Washington, D.C., argued for claimant-appellant. With him on the brief was Mark R. Lippman,The Veterans Law Group, of La Jolla, California.

David B. Stinson, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Richard J. Hipolit, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Retired Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit


05-7113



LARRY D. BARRETT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.


_____

DECIDED:  October 11, 2006
_____


Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.

Opinion for the court filed by Circuit Judge MAYER.  Concurring in the judgment opinion filed by Senior Circuit Judge FRIEDMAN.

MAYER, Circuit Judge.

Larry D. Barrett appeals the judgment of the United States Court of Appeals for Veterans Claims, dismissing his appeal for lack of jurisdiction for failure to establish entitlement to equitable tolling of the 120-day period to file a notice of appeal under 38

U.S.C. § 7266.[*]  Barrett v. Principi, No. 02-2382, 2005 U.S. Vet. App. Claims LEXIS 45 (Vet. App. Jan. 26, 2005) ("Barrett III").  Because the Veterans Court erred by declining to require the Department of Veterans Affairs ("DVA") to provide all records in its possession, and to develop additional facts, relevant to Barrett's equitable tolling motion, we reverse and remand.

## Background

Barrett served on active duty in the Army from July 1970 to January 1972, and in the Navy from February 1975 to July 1976.  He alleges that soon after returning from his tour of duty in Vietnam he began to experience emotional problems, but that the symptoms did not become severe until 1982.  In 1997, Barrett was diagnosed with post-traumatic stress disorder ("PTSD") and panic disorder.  He claims that by 2002 he suffered from flashbacks and hallucinations.

Barrett sought service connection for his PTSD and a hand injury; both claims were denied by the Regional Office and the Board of Veterans Appeals ("board").  On August 15, 2002, the board mailed its decision affirming the denial of benefits to Barrett. Barrett appealed the board's decision to the Veterans Court on December 21, 2002, eight days beyond the 120-day period for appeal.  The government moved to dismiss for lack of jurisdiction.  On May 23, 2003, Barrett responded that he was prevented from filing a timely notice of appeal because he had been incapacitated by mental illness,

---

[*]    38 U.S.C. § 7266(a) provides:

In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

and that the Veterans Court should therefore toll the running of the appeal period. The court dismissed the appeal for lack of jurisdiction, stating that "ill health has not been adopted as a basis for such tolling." Barrett v. Principi, No. 02-2382, 2003 U.S. Vet. App. Claims LEXIS 417 (Vet. App. June 5, 2003) ("Barrett I"). On appeal, we reversed the Veterans Court, holding that "mental illness can justify equitable tolling of section 7266(a) under some circumstances," Barrett v. Principi, 363 F.3d 1316, 1317 (Fed. Cir. 2004) ("Barrett II"), and remanded for application of this standard to Barrett's case.

On remand, the Veterans Court decided that it required "supplemental briefing (attaching any additional relevant evidence) from the parties in support of their positions." Barrett v. Principi, No. 02-2382, 2004 U.S. App. Vet. Claims LEXIS 476, at *6 (Vet. App. July 16, 2004) ("Remand Order"). It ordered Barrett to file a response within 30 days establishing that he met the standard set forth in Barrett II or, alternatively, that he wished to rely on his May 23, 2003, response. Remand Order at *6-7. It further ordered the government to reply to his response. Id. at *7.

Barrett moved to stay proceedings pending the outcome of Jones v. Principi, U.S. Vet. App. No. 03-1996, then before the Veterans Court on a motion for remand to the DVA for record development on the issue of mental incapacity for the purpose of equitable tolling. On August 13, 2004, the Veterans Court deferred consideration of Barrett's motion and ordered him to file his response within seven days. Barrett responded, relying on the arguments and evidence presented in his May 23, 2003, submission.

In the government's response, it attached and made arguments based on several medical records dating from the judicial-appeal period, August 15 to December 21,

2002, obtained from Barrett's medical treatment facility, the Birmingham Veterans Affairs Medical Center. Among these records are an August 21, 2002, medical progress note and other documentation stating that Barrett failed to report for medical appointments on December 18 and 30, 2002. With respect to these records, the Secretary states that the DVA "provided the Veterans Court with copies of DVA medical records reflecting the diagnosis and consequences of Mr. Barrett's psychiatric disability." Gov't Br. at 19 n.8. Before the Veterans Court, Barrett's counsel stated, and the government does not contest, that these records were previously unknown to him. It is unclear from the record before us if the government sought all records relevant to the issue of mental incapacity bearing on equitable tolling. It is also unclear if it provided the Veterans Court with all relevant records that it obtained, or selectively submitted only portions.

Barrett filed a response to the government's new evidence, and the Veterans Court considered it in assessing his equitable tolling motion. Barrett III at *10-11. However, in view of its decision in Jones v. Principi, 18 Vet. App. 500 (2004) (finding that the Secretary's duty to assist under 38 U.S.C. § 5103A does not extend to assistance in developing the record for an equitable tolling motion), appeal dismissed for lack of jurisdiction, 431 F.3d 1353 (Fed. Cir. 2005), the Veterans Court dismissed Barrett's motion for a stay of proceedings as moot, and declined to remand his case for further record development on the equitable tolling issue. Barrett III at *12. The court found that he had not met his burden under Barrett II, 363 Fed. Cir. at 1321, and dismissed the case for lack of jurisdiction. On appeal, Barrett argues that the Veterans Court erred by refusing a limited remand in order for the Secretary to assist in further

developing the record on the equitable tolling issue. We have jurisdiction under 38 U.S.C. § 7292(a).

## Discussion

Our review is limited to questions of law, see 38 U.S.C. § 7292(d)(2), and it is de novo, see 38 U.S.C. § 7292(a); see also Bailey v. West, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc) (citations omitted). This case presents a narrow question of law: what duty does the DVA have in developing the record before the Veterans Court on the issue of equitable tolling?

To begin, we recognize that Barrett bears the ultimate burden of establishing the Veterans Court's jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936); Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001). However, this does not mean that the DVA has no duty to assist the court in determining its jurisdiction. Indeed, our holding in Barrett II acknowledged as much: "Furthermore, the [DVA], which employs a host of medical professionals, is uniquely qualified to facilitate the diagnosis of troubled claimants should such allegations arise." 363 F.3d at 1320. In fact, when the Veterans Court determines that it needs additional information to decide jurisdictional issues, its general practice is to require the government (as well as the veteran) to provide the relevant records in its possession and, where necessary, to develop new facts that go exclusively to the jurisdictional question.

For example, in this case, the Veterans Court ordered the government to submit supplemental briefing on the equitable tolling issue and to attach "any additional relevant evidence." Remand Order at *6. The government complied, at least in part, by

seeking out, obtaining, and submitting the medical records and other documents discussed above. Similarly, in <u>Claiborne v. Nicholson</u>, 19 Vet. App. 181, 183 (2005), where equitable tolling based on ill health was at issue, the court ordered supplemental briefing from the government and required it to attach "any additional relevant evidence."

In <u>Sthele v. Principi</u>, 19 Vet. App. 11, 13 (2004), the issue was equitable tolling based on the Secretary's alleged failure to mail a copy of the board's final decision to the veteran. While recognizing that a presumption of regularity applied to the government's mailings and that the veteran bore the ultimate burden of establishing jurisdiction, <u>id.</u> at 16, the Veterans Court required the government to develop jurisdictional facts. Indeed, it ordered the Chairman of the Board of Veterans Appeals to submit a declaration "detailing the Board's current practices regarding date-stamping and mailing of Board decisions and those practices employed at the time the appellant's copy of the [board's final decision] was date-stamped and mailed." <u>Id.</u> at 13. The government complied by submitting a declaration from the Senior Deputy Vice Chairman of the Board. <u>Id.</u> at 14. After hearing argument on the equitable tolling issue, the Veterans Court decided that it required more evidence, and ordered a further filing from the government. <u>Id.</u> In that filing, the government submitted at least four additional declarations pertaining to the DVA's date-stamping and mailroom procedures. <u>Id.</u> at 15-16. The Secretary's declarations and filings ultimately assisted the veteran in rebutting the presumption of regularity. <u>See id.</u> at 17-18 (discussing the jurisdictional evidence, including the government's declarations, and noting that, "[t]he evidence before the Court in this case is somewhat perplexing and reflects multiple irregularities

in VA's handling of the appellant's case that, coupled with the appellant's assertion of nonreceipt, constitute the clear evidence that is necessary to rebut the assumed presumption of regularity").  On the ultimate issue, the Veterans Court found that the veteran had met his burden of establishing entitlement to equitable tolling, and accepted jurisdiction over the merits.  Id. at 20.

These cases place a duty on the government to come forward with jurisdictional evidence in its possession and to develop additional facts uniquely within its competence, even though not part of the veteran's claim file.  This "comports with the general rule that where evidence required to prove a fact is peculiarly within the knowledge and competence of one of the parties, fairness requires that party to bear the burden of coming forward."  Jensen v. Brown, 19 F.3d 1413, 1417 (Fed. Cir. 1994) (citing Campbell v. United States, 365 U.S. 85, 96 (1961)).

As established by Reynolds v. Army & Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988), we require that "the party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered."  See also Local 336, Am. Fed'n of Musicians v. Bonatz, 475 F.2d 433, 437 (3d Cir. 1973); Harmon v. Superior Court, 307 F.2d 796, 797 (9th Cir. 1961).  Outside of the veterans context, where jurisdictional facts are contested, the general rule is that "the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party."  Kamen v. Am. Tel. & Tel., 791 F.2d 1006, 1011 (2d Cir. 1986) (citations omitted); see also Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984); Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir.), cert. denied, 454 U.S. 897 (1981); Inv. Props. Int'l, Ltd. v. IOS, Ltd., 459 F.2d 705,

707-08 (2d Cir. 1972). Here, however, because we believe the Veterans Court's current procedures for determining contested jurisdictional issues are sufficient, allowing Barrett to conduct limited discovery of evidence bearing on equitable tolling should not be necessary.** When applied sympathetically and with full recognition of the government's superior access to a veteran's claim file and the facts bearing on jurisdiction, they provide the veteran with the requisite opportunity to be heard as contemplated by Reynolds.

We next address considerations surrounding the government's superior access to information and its obligation in veteran's cases. This will assist in defining the contours of the relief to which Barrett is entitled.

First, as the Veterans Court has long recognized and as this case demonstrates, the full breadth of the information possessed by the DVA and the content of a veteran's claim file is generally not known to a veteran, if ever, until after the record on appeal has been designated and transmitted under the court's Rules 10 and 11. See, e.g., Parmley v. Derwinski, 2 Vet. App. 383, 384 (1992); see also U.S. Vet. App. R. 10, 11. For this reason, the Veterans Court "relies on counsel for the Secretary to act as an impartial officer of the Court when designating the record on appeal." See Zo v. Brown, 4 Vet.

---

** Based on our review of Veterans Court cases, as best illustrated by Sthele, we find that upon pleading sufficient facts to establish jurisdiction, the Veterans Court provides for a veteran's right to be heard on contested jurisdictional issues as follows: (1) providing an opportunity for supplemental briefing; (2) requiring the government to submit any relevant evidence in its possession relating to the contested jurisdictional issues (and requiring the veteran to make a reasonable effort to seek, obtain, and submit evidence consistent with his burden under McNutt); (3) requiring the government to supplement the jurisdictional record with relevant evidence helpful to the Veterans Court in clarifying the jurisdictional issues; (4) providing an opportunity for the parties to respond to the other's evidentiary submissions (either through briefing or oral argument); and (5) providing an opportunity for oral argument as it deems appropriate.

App. 440, 443 (1993) (citing <u>Parmley</u>, 2 Vet. App. at 384). It is, therefore, the government's responsibility under Rules 10 and 11 to provide "all material in the record of proceedings before the Secretary and the Board that was relied upon by the Board . . . <u>and</u> any other material from the record which the Secretary considers relevant." U.S. Vet. App. R. 10 (emphasis added). Where there is a jurisdictional dispute, however, designation and transmission of the record does not occur until after the Veterans Court has made its jurisdictional determination and taken jurisdiction over the merits of the case. <u>See, e.g.</u>, <u>Sthele</u>, 19 Vet. App. at 20; <u>Bobbitt v. Principi</u>, 17 Vet. App. 547, 554 (2004). Because a veteran's informational disadvantage is at least as great, if not greater, at the jurisdictional stage of his case, it would be inconsistent to allow the government to withhold records relevant to jurisdiction, thereby restricting his very access to judicial review, while not so allowing with respect to records relevant to the merits of the case. Accordingly, just as the government must provide the Veterans Court (and the veteran) all records in its possession relevant to the merits of a case, so too must it provide all records in its possession relevant to contested jurisdictional issues.

Second, because the government maintains the records in a veteran's claim file and has the readiest access to DVA personnel and knowledge about its internal operating procedures, it is necessary, as exemplified by <u>Sthele</u>, to place some duty on the government to develop relevant facts in order to clarify the jurisdictional record. <u>Cf. Jensen</u>, 19 F.3d at 1417. Here the government's access to medical records of which Barrett's counsel was not aware, its history of treating and working with Barrett, and its access to medical staff that is supremely qualified to make determinations of mental

incapacity, put it in a unique position to know precisely what further medical evidence will clarify the jurisdictional record.

When we consider the context in which judicial review occurs, it becomes even more compelling to assign the government this role. Congress' intent in crafting the veterans benefits system is to award "entitlements to a special class of citizens, those who risked harm to serve and defend their country. This entire scheme is imbued with special beneficence from a grateful sovereign." Bailey, 160 F.3d at 1370 (Michel, J., concurring); see also Jacquay v. Principi, 304 F.3d 1276, 1286 (Fed. Cir. 2002) (en banc); Hensley v. West, 212 F.3d 1255, 1262 (Fed. Cir. 2000). "[I]n the context of veterans' benefits where the system of awarding compensation is so uniquely pro-claimant, the importance of systemic fairness and the appearance of fairness carries great weight." Hodge v. West, 155 F.3d 1356, 1363 (Fed. Cir. 1998). Indeed, it was for the purpose of ensuring that veterans were treated fairly by the government and to see that all veterans entitled to benefits received them that Congress provided for judicial review through the Veterans' Judicial Review Act ("VJRA") of 1988 (codified as amended at 38 U.S.C. §§ 7251-7298 (2000)). The government's interest in veterans cases is not that it shall win, but rather that justice shall be done, that all veterans so entitled receive the benefits due to them. Cf. Campbell, 365 U.S. at 96 (citations omitted).

Accordingly, when, as here, a veteran alleges facts to show entitlement to equitable tolling, thereby meeting his threshold burden under McNutt, see 298 U.S. at 189, and jurisdiction is called into question, consistent with its duty to ensure the reality and appearance of systemic fairness and the rule in Jensen, the government must

assist the court by providing and, where necessary, procuring further evidence helpful in deciding jurisdiction, e.g., declarations, new medical examinations, and other forms of evidence as appropriate. Cf. Adams v. Principi, 256 F.3d 1318, 1321-22 (Fed. Cir. 2001) (affirming the Veterans Court's remand to the board for clarification as to the import of evidence, holding that "clarification . . . can take the form of an explanation from [the examining doctor] of his opinion, or if necessary supplemental medical evidence"). The government shall make these submissions on its own initiative, upon request of the veteran, or as required by the Veterans Court. If a veteran makes such a request, the government may advert to the court for a determination that it is reasonably necessary to deciding the jurisdictional issues before it. Cf. 38 U.S.C. § 5103A(a)(2) (establishing a standard of reasonableness for determining when the Secretary is required to provide assistance at the agency level under its duty to assist in developing claims for benefits).

Here Barrett specifically requested a medical examination by DVA doctors to clarify the nature of his mental incapacity during the appeals period. Because such an exam will plainly assist in clarifying his entitlement to equitable tolling, is consistent with the kinds of evidence uniquely within the knowledge and competence of the government as contemplated by Jensen and Adams, and ensures the reality and appearance of systemic fairness, the Secretary shall provide Barrett with his requested medical examination, as well as any other assistance deemed reasonably necessary by the Veterans Court. The Secretary must provide the Veterans Court with any additional records in its possession that are relevant to the equitable tolling issue. Moreover, both

Barrett and the Secretary should voluntarily provide the Veterans Court with any other relevant evidence now in their possession or later obtained.

The government raises two principal objections, both of which are without merit. First, it argues that because section 5103A relates to its duty to provide assistance "necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary," it is not <u>required</u> by that section to assist Barrett in developing evidence that relates to jurisdictional issues. Because section 5103A does not provide the basis for our holding, this argument is of no moment. It is only relevant that our decision is not inconsistent with section 5103A. In <u>Adams</u>, while we rejected the Secretary's duty to assist (then codified at 38 U.S.C. § 5107(a) (2000)) as the appropriate basis for a Veterans Court's remand for "clarification as to the import of the evidence," we found that the remand was proper under its 38 U.S.C. § 7252(a) remand power. 256 F.3d at 1321-22. Moreover, we stated, "While it may be that further proceedings will result in a ruling in Mr. Adams's favor and thus the remand will ultimately assist him in obtaining benefits, the purpose of the remand is not principally to assist Mr. Adams to support his claim, but to clarify [the contested legal issue]." <u>Id</u>. at 1322. Indeed, our precedent, <u>e.g.</u>, <u>Santana-Venegas v. Principi</u>, 314 F.3d 1293 (Fed. Cir. 2002); <u>Jaquay v. Principi</u>, 304 F.3d 1276 (Fed. Cir. 2002) (en banc), and the government's practice before the Veterans Court, <u>e.g.</u>, <u>Sthele</u>; <u>Zo</u>; <u>Parmley</u>, plainly establish that (1) the entirety of the Secretary's duties do not end once the board renders a decision, and (2) governmental "assistance" during the judicial review process that ultimately assists the veteran in obtaining benefits to which he is entitled is not inconsistent with section 5103A.

The government also argues that the Veterans Court has no jurisdiction to grant Barrett his requested relief. However, it is axiomatic that "a court always has jurisdiction to determine its own jurisdiction." Rosado v. Wyman, 397 U.S. 397, 403 n.3 (1970); see also Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1331 (Fed. Cir. 2006) (en banc) (citing Cruz v. Dep't of Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991)); Henderson v. West, 12 Vet. App. 11, 14 (1998).

In view of the Veterans Court's authority to compel the government to produce evidence uniquely within its knowledge and provenance relevant to clarifying jurisdictional issues, its authority under section 7252(a) to remand as appropriate, coupled with the authority of federal courts to order limited remands to clarify and further develop issues on appeal, e.g., Yang v. McElroy, 277 F.3d 158, 162-64 (2d Cir. 2002), it has the authority to order a remand for the government to procure and provide the necessary jurisdictional evidence. However, we are mindful of the Veterans Court's practice of also adducing the necessary jurisdictional evidence through orders rather than remands. E.g., Barrett III; Claibourne; Sthele. Therefore, we leave it to the court's sound discretion whether an order or a remand is the more appropriate mechanism to develop the relevant jurisdictional facts and to ensure that Barrett receives the full and fair hearing on jurisdiction that he is due.

## Conclusion

Accordingly, the judgment of the United States Court of Appeals for Veterans Claims is reversed, and the case is remanded for further proceedings in accordance with this opinion.

## COSTS

Costs to appellant.

## <u>REVERSED AND REMANDED</u>

# United States Court of Appeals for the Federal Circuit

05-7113

LARRY D. BARRETT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

FRIEDMAN, <u>Senior Circuit Judge</u>, concurring in the judgment.

I join in the court's judgment reversing the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") and remanding the case for further proceedings. I write separately because of my concern that the court's opinion seems to speak more broadly than is necessary to dispose of this case.

Unlike the administrative proceedings involving veterans benefits before the Department of Veterans Affairs ("Department"), which are non-adversarial, the judicial proceedings before the Veterans Court are fully adversarial. Before that Article I court, the appellee usually is the Secretary of Veterans Affairs and ordinarily is represented by the Department's General Counsel. The proceedings before that court, like those before other courts of the United States, are totally adversarial.

It seems anomalous, to say the least, to impose upon one of the parties in such judicial proceedings the obligation to assist his opponent in presenting and trying to win

his case.  Yet that is what certain passages in the court's opinion appear to suggest, if not require.

Thus, the court states that specified decisions of the Veterans Court "place a duty on the government to come forward with jurisdictional evidence in its possession and to develop additional facts uniquely within its competence, even though not part of the veteran's claim file"; that "it is necessary, as exemplified by <u>Sthele</u>, to place some duty on the government to develop relevant facts in order to clarify the jurisdictional record"; that "when, as here, a veteran alleges facts to show entitlement to equitable tolling, . . .  and jurisdiction is called into question, consistent with its duty to ensure the reality and appearance of systemic fairness and the rule in <u>Jensen</u>, the government must assist the court by providing and, where necessary, procuring further evidence helpful in deciding jurisdiction, e.g., declarations, new medical examinations, and other forms of evidence as appropriate. . . . The government shall make these submissions on its own initiative, upon request of the veteran, or as required by the Veterans Court"; and that "both Barrett and the Secretary should voluntarily provide the Veterans Court with any other relevant evidence now in their possession or later obtained."

If these statements are intended merely to indicate the scope of the requirements the Veterans Court may impose on the Department as a litigant before it, I have no problem with them.  If, however, they are read to suggest or indicate that the Department is obligated to take such action on its own, either voluntarily or in response to the veteran's request but without any directive from the Veterans Court to do so, I find them troublesome.

Before this court provides or recognizes such a fundamental change in our adversarial system of judicial adjudication, I would think it would require a clear and explicit expression of legislative intent to do so. It is 38 U.S.C. § 5103A that creates and describes the Secretary's "Duty to assist claimants" "in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." 38 U.S.C. 5103A(a). I see nothing there that would require the Secretary on his own initiative to take such action. To the contrary, those provisions seem to me to address the Secretary's duty to assist veterans only in handling their claims in the non-adversarial administrative proceedings before the Department. When the case reaches the stage of judicial review of the Secretary's action before the Veterans Court, however, I think the normal adversarial system prevails, so that neither side has any obligation on its own to assist its opponent in handling the case on appeal.

In sum, I think that any duty the Secretary may have to assist the veteran in handling an appeal before the Veterans Court is limited to compliance with the court's directives or requests, and does not also include an obligation to furnish information or provide medical assistance on his own initiative or on request of the veteran. Although the present case involves only a narrow issue involving the Veterans Court's jurisdiction, some language in the opinion appears to have broader and troubling implications.