KASOLD, Judge,
concurring:
I agree with the majority’s determination that the appellant’s equitable tolling claim is foreclosed by Bowles v. Russell, — U.S. -, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), and Henderson v. Peake, 22 Vet.App. 217, 221 (2008). I write separately to note that even in the absence of these intervening decisions we would not have jurisdiction over this appeal because Mr. Jones has not demonstrated that his mental disorder prevented him from timely filing it, and I do not believe that the Secretary has the duty — or that we have the authority to compel the Secretary — to provide a new medical examination or otherwise create or secure information not under his control to help Mr. Jones establish this fact, as suggested in Barrett v. Nicholson, 466 F.3d 1038, 1044 (Fed.Cir.2006).
I fully concur with the holding in Barrett that when jurisdiction is in question this Court has the authority to “compel the government to produce evidence uniquely within its knowledge and provenance relevant to clarifying jurisdictional issues.” Id. at 1045. Thus, in Sthele v. Principi, 19 Vet.App. 11, 13 (2004), this Court ordered *251 the Secretary to provide a detailed description of how the Board mails its decision, because the date of mailing started the 120-day period in which an appeal must be filed to be timely. See 38 U.S.C. § 7266.
However, directing the Secretary to procure and provide information about internal VA practices that affect the beginning of the judicial appeal period is far different from directing the Secretary to provide a medical examination to an appellant, or to create or obtain evidence not under his control, to establish whether a mental disorder prevented an appellant from filing a timely NO A. Inter aha, the former involves establishing facts that occurred while the matter was under the Secretary’s control. In contrast, the latter involves the creation or verification of facts that occur wholly outside of the Secretary’s control; i.e., mental capacity of an appellant during the 120-period subsequent to a Board decision, and its effect on an appellant’s ability to file an appeal.
None of the authority cited in Barrett supports the novel proposition that we have authority to compel the Secretary to provide a jurisdiction-supporting medical examination, or to create or obtain information outside his control. Indeed, the actions taken by this Court in furtherance of a determination that it has, or does not have, jurisdiction, as laid out in Barrett, all relate to additional briefing, hearings, or the submission of evidence within a party’s control. Id. at 1043 n. 2.
In an adversarial system, the ultimate burden of establishing jurisdiction rests with the appellant. See McNutt v. G.M.A.C., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); see also Bobbitt v. Principi, 17 Vet.App. 547, 552 (2004) (per curiam) (filing an appeal with the Court “is the first step in an adversarial process challenging the Secretary’s decision on benefits” and is separate and distinct from the VA administrative process); Sims v. Apfel, 530 U.S. 103, 110, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) (noting that “there are wide differences between administrative agencies and courts.”). To the extent the Federal Circuit reads our cases for the proposition that this burden differs before our Court or that we have authority to compel the Secretary to provide a jurisdiction-supporting medical examination, or create or obtain information outside his control, I respectfully disagree.