DYK, Circuit Judge,
with whom GAJARSA and MOORE, Circuit Judges,
join, concurring.
I join the opinion of the Court, but I also agree with Judge Mayer that the rigid *1221 deadline of the existing statute can and does lead to unfairness. This is particularly so in the many cases where the veteran is not represented by counsel during the processing of the claim at the Veterans Administration and/or is suffering from a mental disability. These circumstances can make it extremely difficult for the veteran to navigate the system and meet the statutory deadline. These situations are not merely hypothetical, as our prior decisions demonstrate.[1] In this case, the veteran suffered from a service-connected mental illness allegedly leading to the late filing. The problems with the rigid rule of the existing statute may suggest that Congress should amend the statute to provide a good cause exception.

. See Barrett v. Nicholson, 466 F.3d 1038 (Fed.Cir.2006) (service-connected mental illness); Jaquay v. Principi, 304 F.3d 1276 (Fed.Cir.2002) (en banc) (claimant’s non-attorney representative mistakenly mailed request for reconsideration to wrong office, thus resulting in untimely filing); Bailey v. West, 160 F.3d 1360 (Fed.Cir.1998) (en banc) (no counsel; regional office mistakenly retained appeals documentation, thus resulting in untimely filing).