NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011[*]
Decided May 25, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-3815

| | |
|---|---|
| JOSHUA M. ANDERSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-C-195 |
| CREDIT BUREAU COLLECTION SERVICES, INC., *Defendant-Appellee*. | William C. Griesbach, *Judge*. |

**O R D E R**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Joshua Anderson sued Credit Bureau Collection Services ("CBCS")[1] after the company tried to collect $1,013 allegedly owed to U.S. Cellular. Anderson claimed that CBCS violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p, by not sending him the notice required by § 1692g(a) within five days of its initial communication. *See McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008). The district court granted summary judgment for CBCS. We conclude that CBCS failed to introduce admissible evidence that the notice was sent, and thus we vacate the judgment and remand for further proceedings.

The FDCPA requires that debt collectors "send" a prescribed notice to consumers within five days of making an initial communication. 15 U.S.C. § 1692g(a). That notice shall include the name of the creditor and the dollar amount sought, and also must alert the consumer that a failure to dispute the alleged debt will allow the collection agency to assume its validity. *Id*. If notice is not sent or is inadequate, an aggrieved consumer may recover actual or statutory damages not exceeding $1,000. *Id.* § 1692k.

CBCS corresponded with Anderson in January 2010 and offered to settle U.S. Cellular's claim at a discount. That much is undisputed. And the company concedes that it did not send the notice required by § 1692g(a) with, or within five days of, this communication. According to Anderson, the January correspondence was the first and only communication he received from CBCS, which if true raises an inference, though perhaps weak, that no prior communication was sent. *See Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007); *Barrett v. Nicholson*, 466 F.3d 1038, 1042 (Fed. Cir. 2006). But in answering Anderson's complaint, CBCS affirmatively represented that another letter was sent in October 2009 informing him that the company intended to collect the debt to U.S. Cellular and giving him the statutorily required notice. Anderson's lawsuit turns on the veracity of that representation, since he does not contend that a debt collector will escape liability under § 1692k only by proving that statutory notice was *received* by the consumer. *See Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999); *Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 785 (N.D. Ohio 2006); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1097 (D. Or. 2000).

Anderson's appeal raises several procedural issues, but the significant question is whether the admissible evidence in the record would allow a jury to conclude that CBCS timely sent him the statutory notice. CBCS moved for summary judgment in July 2010, two

---

[1] The defendant is named as CBCS Collection Agency on the district court's docket and in its judgment, but the company advises that its correct name is Credit Bureau Collection Services, Inc. We use that name here.

months before the discovery cutoff and three months before the deadline set by the district court for filing dispositive motions. That motion, which did not include proposed findings of fact or the admonishments to pro se litigants required by local rule, *see* E.D. WIS. CIV. L. R. 56(a), (b)(1)(C); *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), pressed the contention from CBCS's answer that it communicated with Anderson initially in October 2009 and sent the statutory notice at that time. But CBCS did not submit a copy of a communication addressed to Anderson or any physical evidence that correspondence was sent to him in October, e.g., a receipt from the Postal Service or another carrier, an entry from a mailing log, or even a copy of a metered envelope addressed to Anderson in Wisconsin. Instead, CBCS provided an affidavit from Sang Ki, the general manager of CBCS's office in Jacksonville, Florida, and templates of the company's form letters bearing an address in Columbus, Ohio, where CBCS is based. Ki attested that CBCS does not keep copies of correspondence with debtors but said he knew from its "electronic system" that "CBCS sent correspondence" to Anderson in Wisconsin on October 28, 2009. Ki did not explain his connection to Anderson's account or to communications apparently originating in Columbus. He did not attach a printout of Anderson's file or any other record from a CBCS database, nor did he establish familiarity with the entries made to that system.

A month later CBCS realized that its motion did not comply with the local rule. The company filed an amended motion, this time including a proposed statement of facts and the *Timms* notice but omitting Ki's affidavit. That filing crossed in the mail with one from Anderson, who moved to compel CBCS to respond to his discovery requests; he also asked for a revised scheduling order, arguing that he would be unable to file dispositive motions by the October deadline because CBCS was delaying discovery. The next week Anderson, who was incarcerated, filed a motion asking for more time to oppose summary judgment. He explained that, for reasons unknown to him, he still had not received CBCS's original motion for summary judgment or the supporting documents. He was aware of the earlier motion, he said, only because it is mentioned in the amended motion, which he received in early September. Anderson added that, because the amended motion did not include Ki's affidavit or the supporting documents, he lacked the materials necessary to oppose summary judgment.

CBCS opposed Anderson's motions to compel discovery and for additional time, though the company did send him another copy of its original motion for summary judgment and the attachments. Anderson received Ki's affidavit on September 23, and six days later he replied to CBCS's opposition to his requests for more time and discovery. In a sworn declaration, *see* 28 U.S.C. § 1746; *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011), Anderson quoted an answer that he had received on September 17 to one of his interrogatories, in which CBCS acknowledges that a "third-party letter vendor" actually "conducted the clerical tasks of printing and mailing the letter" allegedly sent to Anderson

in October 2009. That admission, argued Anderson, established that Ki's affidavit contained a false or misleading representation that "CBCS sent" correspondence to him in October 2009. Anderson added that CBCS was refusing to disclose the identity of the vendor, and repeated his request that the district court compel discovery and allow him additional time to oppose summary judgment.

Two weeks later the district court issued a brief order granting CBCS's motion for summary judgment and denying Anderson's pending motions. The court reasoned:

> Although CBCS does not have a copy of the exact correspondence it sent . . . , one of its managers has asserted under oath that its computer system confirms that such correspondence was sent and all of its initial communications contain the required notice of debt. . . . Plaintiff has not responded to this evidence. Instead, he has filed a motion to compel answers to his discovery requests. None of the discovery he seeks, however, would shed light on the question of whether he actually received the proper notice in October 2009. Accordingly, Plaintiff has not provided any evidence of a FDCPA violation, which means the Defendant is entitled to summary judgment.

Anderson moved for reconsideration, *see* FED. R. CIV. P. 59(e), explaining that he did not receive the materials supporting CBCS's motion for summary judgment until September 23, 2010, three weeks before the district court granted the motion, giving him less than the 30 days allotted by local rule to respond to a motion for summary judgment. *See* E.D. WIS. CIV. L. R. 56(b)(2). He argued that the court erred by not giving him adequate time to oppose CBCS's motion and by granting summary judgment before ruling on his other pending motions. Anderson also included a motion to amend his complaint with his motion for reconsideration; he wanted to add a claim that CBCS violated the FDCPA by sharing his personal information with the third-party mailer. The district court denied both motions, concluding that Anderson had ample time to oppose summary judgment and that there was no need to amend the complaint because CBCS's use of a third-party mailing service was "at worst a highly technical violation of the FDCPA, and there is no indication that Plaintiff was actually damaged in any conceivable fashion."

We conclude that the district court erred. On appeal Anderson argues, and we agree, that Ki's affidavit includes nothing but inadmissible hearsay concerning whether CBCS sent the statutory notice to Anderson in October 2009. It is now apparent from CBCS's answer to Anderson's interrogatory that the company had outsourced the process of preparing and sending its communications to consumers, which, as Anderson suggests, makes Ki's affidavit misleading at best. The information about the third party's involvement was already before the district court when summary judgment was granted, but even if Ki's

affidavit had not been impeached, his statements would still be inadequate to establish CBCS's assertion that the critical correspondence was sent. Ki does not attest that he personally sent anything to Anderson. *See Schikore v. Bankamerica Supplemental Ret. Plan*, 269 F.3d 956, 963-64 (9th Cir. 2001); *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993). Nor does Ki, who works in Florida, aver that he supervised the employees who would have sent a letter, or that he possesses personal knowledge of the business practices and customs of the particular office—Columbus, if the letterhead is accurate—from which any letter would have originated in the regular course of business. *See Spivey v. Adaptive Mktg., LLC*, 662 F.3d 816, 820 (7th Cir. 2010); *United States v. Delfino*, 510 F.3d 468, 471 (4th Cir. 2007); *Boomer v. AT&T Corp.*, 309 F.3d 404, 415 n.5 (7th Cir. 2002); *United States v. Hannigan*, 27 F.3d 890, 894-95 (3d Cir. 1994). CBCS, moreover, did not submit a business record evidencing that it generated a letter from the appropriate template and mailed it on a specific date, and neither does Ki's conclusory affidavit establish that he is qualified by personal or organizational knowledge to explain the company's record-keeping system or vouch for its use in this instance. *See* FED. R. EVID. 806(3); *United States v. Ned*, No. 10-50546, 2011 WL 1226968, *5 (5th Cir. Apr. 4, 2011); *United States v. LeShore*, 543 F.3d 935, 942 (7th Cir. 2008). Indeed, CBCS implicitly concedes that Ki's affidavit did not sustain its burden, since counsel for the company does not even acknowledge, let alone cite legal authority disagreeing with, Anderson's argument that the pertinent factual representations in the affidavit are inadmissible hearsay.

Without evidence that it sent the statutory notice to Anderson, CBCS was not entitled to summary judgment. Anderson had twice denied, under penalty of perjury, that he received a communication from CBCS before January 2010, and the company did not contradict those denials with admissible evidence. It is unnecessary, then, for us to address Anderson's other arguments about the need for more discovery and more time to oppose summary judgment.

At this stage we also decline to address Anderson's separate contention that the district court abused its discretion in denying his postjudgment motion to amend his complaint. Rarely does a district court commit error by refusing to allow a new claim to be added to a lawsuit after it has been dismissed. *Zenith Radi Corp. v. Hazeltine Research*, 401 U.S. 321, 331-32 (1971); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). But with that dismissal now set aside, Anderson may choose to refile his motion for leave to amend, *see* FED. R. CIV. P. 15, which the district court will be evaluating in a different procedural posture. We do note, however, that the FDCPA is a strict-liability statute. 15 U.S.C. § 1692k; *see Allen v. LaSalle Bank*, 629 F.3d 364, 368 (3d Cir. 2011); *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009). This means that Anderson is entitled to sue to enforce its provisions, even the "highly technical" ones like the notice requirement at issue here and the prohibition against sharing personal information with third parties. A plaintiff may be

eligible not just for actual damages, but statutory damages, fees, and costs. *See* § 1692k(a); *McKinney*, 548 F.3d at 500. Requiring proof of injury would run afoul of the statutory scheme.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.