# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1632

Norman H. Sthele,                                                                        Appellant,

  v.

Anthony J. Principi,
Secretary of Veterans Affairs,                                                  Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued June 29, 2004                              Decided     December 29, 2004  )

*Sean A. Ravin*, of Washington, D.C., for the appellant.

*Thomas A. McLaughlin*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Gabrielle L. Clemons*, were on the pleading, all of Washington, D.C., for the appellee.

Before STEINBERG, KASOLD, and HAGEL, *Judges.*

HAGEL, *Judge*:   On August 29, 2003, the appellant, Norman H. Sthele, who was unrepresented, filed with the Court a Notice of Appeal seeking review of a December 19, 2002, Board of Veterans' Appeals (Board) decision in which the Board denied him an effective date prior to December 20, 1991, for his service-connected low-back disability.  In his Notice of Appeal, he wrote that he "[d]id [n]ot [r]eceive [a c]opy" of the December 19, 2002, Board decision.  In an attached, unaddressed letter dated August 25, 2003, he asserted:  "I did not receive a copy of this denial [and] I ask[ed] for a copy to be sent to me when I found out about it [but] it took [six] months to get it."  Attachment to Appellant's August 29, 2003, Notice of Appeal.  Thereafter, attorney Sean A. Ravin filed a notice of appearance on the appellant's behalf, and the Secretary filed a motion to dismiss the appeal for lack of jurisdiction.  The Secretary, in his motion to dismiss, asserts that on December 19, 2002, the Board mailed to the appellant a copy of the decision at issue in this appeal and that, consequently, the appellant's Notice of Appeal was untimely because it was filed more than

120 days after the Board decision was issued, thus depriving the Court of jurisdiction over this appeal pursuant to 38 U.S.C. § 7266(a).

## I.  BACKGROUND

The appellant subsequently filed a pleading entitled "Opposition to the Secretary's Motion to Dismiss," in which he argues, among other things, "that the Secretary has not submitted evidence that the Board mailed its decision on any particular date to [his] address of record" and that because "there is no evidence that the Board mailed its decision to [him] on a certain date, it is impossible for the Secretary to assert that [he] filed an untimely [N]otice of [A]ppeal to this Court."  In light of the appellant's opposition, the Court ordered the Secretary to file (1) a preliminary record evidencing that the December 19, 2002, Board decision was mailed to the appellant and his representative pursuant to 38 U.S.C. § 7104(e) and (2) a response to the arguments raised by the appellant in his opposition to the Secretary's motion to dismiss.

The Secretary filed a timely response that includes exhibits.  Among them is a declaration from Marvin H. Potes, Acting Director of the Management and Administration Service of the Board in which Mr. Potes asserts that, based upon his review of the appellant's claims folder and the information available in the Board's computerized appeal-tracking system, it is his "understanding that the appellant's copy of the Board's December 19, 2002, decision was mailed to the appellant on that date at the following address:  206 Far West Road, Llano, TX 78643."  Secretary's Response to Jan. 7, 2004, Court order, Exhibit 2 (Jan. 27, 2004, Declaration (Decl.) of Marvin H. Potes), paragraph (para.) 3.  Specifying the manner in which VA determined the appellant's last known address, Mr. Potes asserts as follows:

> The address provided by the appellant when he filed the VA Form 9 Appeal to the Board . . . , which was received at the . . . [r]egional [o]ffice . . . on July 8, 2002, was 206 Far West Road, Llano, TX 78643.  On September 12, 2002, the [regional office] sent a letter to the appellant at the 206 Far West Road address . . . to notify him that the claims folder was being returned to the Board for appellate review.  There is no indication that either the [Board] decision or the September 2002 correspondence was returned by the U.S. Postal Service as undeliverable.

*Id.* at para. 4; *see* Preliminary Record (PR.) at 19.

The Court, on June 22, 2004, ordered the Secretary to file and serve on the appellant in an expedited manner, a declaration from the Chairman of the Board detailing the Board's current practices regarding the date-stamping and mailing of Board decisions and those practices employed at the time that the appellant's copy of the December 19, 2002, Board decision was date-stamped and mailed. The Secretary responded by filing a declaration from Steven L. Keller, Senior Deputy Vice Chairman of the Board, in which Mr. Keller asserts, among other things, that "current procedures do not require the presence of a Board employee to observe the [VA Central Office (VACO)] mailroom procedures once the cases are transferred to the VACO Mailroom." June 25, 2004, Decl. of Steven L. Keller, para. 4. Mr. Keller further asserts that "[a] review of the appellant's claims folder and [the Veterans Appeals Control and Locator System (VACOLS)] discloses that from approximately December 1989 through December 2002[] the appellant's address of record was 206 Far West Road, Llano, TX 78643." *Id.* at para. 5. Finally, he asserts that he is "satisfied that the appellant's copy of the Board's December 19, 2002, decision was mailed to him on that date, to the Llano, TX[,] address." *Id.*

On June 29, 2004, the Court heard oral argument regarding whether the Court has jurisdiction over this appeal. During the course of that proceeding, the Court, among other things, ordered supplementary filings by both parties. The Secretary, on July 26, 2004, filed with the Court (1) a preliminary record and (2) a response to the Court's June 29, 2004, order; his response includes numerous declarations from various VA personnel.

The preliminary record is composed of "photocopies of documents contained in [the] appellant's three-volume VA claims file" (Secretary's July 26, 2004, Response at 1) but also reflects that the claims file of the appellant, Norman Sthele, contains various documents that relate to an April 2002 claim for dependents' educational assistance that was filed by his son, Michael J. Sthele. *See,e.g.*, PR. at 20-26. Michael Sthele, in his April 2002 application for benefits, listed his address as "2907 Holly Green[,] Kingwood[,] TX 77339." PR. at 20. In one document contained in the appellant's claims file but pertaining to Michael Sthele's claim for educational assistance–an October 3, 2002, Substantive Appeal to the Board–Michael Sthele listed "Sthele, Norman H." in the box in which he was directed to specify the name of the veteran. PR. at 25. In the box in which he was instructed to specify his address, Michael Sthele wrote "2907 Holly Green[,] Kingwood[,] TX

3

77339." *Id.* Also in the appellant's claims file is a copy of a January 28, 2003, letter from the Board to the Oklahoma Department of Veterans Affairs concerning a hearing with respect to Michael Sthele's claim; in the letter, the Board incorrectly listed his father, Norman H. Sthele, as the appellant. PR. at 26; *see* July 22, 2004, Decl. of Clarence J. Joe, Jr., Chief of the Hearing and Transcription Unit at the Board, para. 6 ("[T]he January 2003 correspondence did not identify the proper appellant."). A courtesy copy of that letter was shown as having been sent to the appellant at his son's Kingwood, Texas, address (PR. at 26), and Mr. Joe asserts that a copy of such a letter had been posted to the appellant. *See* July 22, 2004, Decl. of Clarence J. Joe, Jr., para. 4. Also in the appellant's claims file is a VA report of contact form dated February 21, 2003, reflecting that, on that date, the appellant had contacted the Board. PR. at 27. The form characterizes the appellant's purpose for contacting the Board as his desire to inform the Board of a change in his address and records his "new address" as "206 Far West Road, Llano, TX 78643." *Id.* The form reflects that "VACOLS ha[d] been updated to reflect this information." *Id.* Finally, the appellant's claims file also appears to reflect that on June 29, 2004, the Board sent to the appellant at the Kingwood, Texas, address another letter concerning a hearing with respect to Michael Sthele's claim. *See* PR. at 38. However, that letter would not have been sent to the appellant on June 29, 2004, because it informed him that he was scheduled for a hearing before the Board that was to take place on May 12, 2003. *See id.* In fact, that letter was actually sent to the appellant on or about January 28, 2003. *See* PR. at 26. The June 29, 2004, date is apparently the date that the copy of that letter, which is included in the preliminary record, was printed from VACOLS. *See* July 26, 2004, Decl. of Martin E. Yancey, para. 9 ("[W]hen the letters are printed, the current date is shown.").

The Secretary's response includes multiple declarations from various VA personnel; most of them describe VA's procedures for determining an appellant's last known address and the process involved in the mailing of Board decisions to that address. In one declaration, Eva Gaskins, Manager of the Decision Team Support Unit within the Management and Administration Service of the Board, asserts that, although there is a "flow chart . . . that aids personnel in the process of dispatching decisions, there are currently no written, standard operating procedures regarding the date[-]stamping and mailing of Board decisions." July 26, 2004, Decl. of Eva Gaskins, para. 4. In another, Martin E. Yancey, Administrative Officer, Director of Information Systems at the Board,

apprises the Court that "VACOLS is a shared automated database created by the Board for tracking and controlling appeals" and that "[w]ithin each appellate record on [the] VACOLS, there are various tabs, or headings, each relating to different parts of an appeal." July 26, 2004, Decl. of Martin E. Yancey, paras. 3 and 4. He further informs the Court that "[b]efore any Board-generated correspondence, to include decisions, is dispatched[] or mailed, an electronic copy of the correspondence . . . is electronically attached to [the] VACOLS" and that "[e]ach attachment can be viewed and has a separate 'Details' button that includes information specific to that document[, including] the then-current mailing address [for an appellant]." *Id.* at paras. 5 and 6. Providing further detail, Mr. Yancey asserts:

> The address information stored under the Details function is linked to the Address tab for that specific appeal. The Details information is preserved to provide an historical record of the address used. If the information on the Address tab for the specific appeal is changed, the Details information for any attachments retains the information reflecting the address of record at the time the document was attached to [the] VACOLS.

*Id.* at para. 6. Regarding the facts in the instant case, Mr. Yancey asserts:

> [T]he Attachment screen on [the] VACOLS shows that a decision was attached on December 16, 2002. The Details within that attachment show that the address of record at that time was 206 Far West Road, Llano, TX 78643. The Dispatch screen shows that the decision was mailed on December 19, 2002.

*Id.* at para. 7. Appended to this declaration are attachments in support of those statements.

In another declaration, Mr. Keller, who had earlier filed a declaration, informs the Court, among other things, that "[t]he Board no longer includes a cover letter with its decisions" and that, "given the records available on [the] VACOLS, the Board can easily access historical information regarding the date a decision was dispatched and the address to which it [was] sent." July 26, 2004, Decl. of Steven L. Keller, at para. 5.

In her declaration, Mary Ellen Larkin, Supervisor/Attorney of the Litigation Support Group within the Appellate Group of the Board, asserts as follows:

> As part of the dispatch process, the Decision Team Support Unit verifies the appellant's address by reviewing the claims folder for the most recent, dated[] correspondence, *either* from the appellant to VA *or* . . . to the appellant from a VA facility, and matching that address to the address noted on [the] VACOLS (the

5

Board's computerized appeal[-]tracking system).  If the address on the most recent dated correspondence differs from that on [the] VACOLS, the dispatcher checks [the] VACOLS to see when the address information on that system was updated.  If the information on [the] VACOLS was updated after the date of the most recent dated correspondence in the claims folder, the dispatcher will use the VACOLS address.  If the most recent address in the claims folder post[]dates that noted on [the] VACOLS, the dispatcher will update [the] VACOLS to show the most current address and use that address in mailing.

July 26, 2004, Decl. of Mary Ellen Larkin, para. 3 (emphasis added).  Responding to a particular inquiry made by the Court during the course of oral argument, Ms. Larkin further apprises the Court that Marvin Potes, in a March 2004 declaration submitted to the Court in *Calloway v. Principi*, No. 03-1980, "was incorrect in stating that the Board mailed th[at] appellant's copy of the Board decision in that case to the 'last known address.'" *Id.* at para. 5.

## II.  ANALYSIS

### A. Applicable Law

The ultimate burden of establishing jurisdiction rests with the appellant.  *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992).  An appeal to this Court is commenced by the filing of a Notice of Appeal, which must be filed within 120 days after the date on which notice of the Board decision was mailed.  38 U.S.C. § 7266(a).  In limited circumstances, the statutory period prescribed for the filing of a Notice of Appeal may be equitably tolled.  *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (holding that equitable tolling of 120-day filing period may be justified if veteran shows that failure to file timely was direct result of mental illness); *Bailey v. West*, 160 F.3d 1360, 1364 (Fed. Cir. 1998) (en banc) (holding that equitable tolling of 120-day filing period may be warranted where VA misled or induced claimant into missing filing deadline).

Pursuant to 38 U.S.C. § 7104(e)(1), the Board is required to "mail a copy of its written decision to the claimant at the last known address of the claimant."  Pursuant to 38 U.S.C. § 5104(a), the Secretary is required to "provide to the claimant . . . notice of [a VA] decision" and such notice must "include an explanation of the procedure for obtaining review of the decision."  This requirements applies to both Board decisions and those of VA regional offices.  *Thompson v. Brown*,

8 Vet.App. 169, 175-77 (1995). In addition, a VA regulation provides that "[a]ll decisions of the Board will be stamped with the date of mailing on the face of the decision." 38 C.F.R. § 20.1100(a) (2004).

The Court has recognized that "[t]here is a presumption of regularity under which it is presumed that government officials 'have properly discharged their official duties.'" *Ashley v. Derwinski*, 2 Vet.App. 307, 308-09 (1992) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). In particular, it is the well-established precedent of this Court that the Court will presume "that the Secretary properly discharged his official duties by mailing a copy of a VA decision to the last known address of the appellant and the appellant's representative, if any, ***on the date that the decision was issued***." *Woods v. Gober*, 14 Vet.App. 214, 220 (2000) (emphasis added). That presumption can be overcome only "by the submission of 'clear evidence to the contrary'" (*Ashley*, 2 Vet.App. at 309 (quoting *Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991))), and an appellant's mere statement of nonreceipt is insufficient for that purpose (*see Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001); *Mindenhall v. Brown*, 7 Vet.App. 271, 274 (1994)). Although a mere statement of nonreceipt is insufficient to rebut the presumption of regularity, the Court, in *Ashley*, made it clear that the presumption is far from absolute:

> [W]here an appellant submits clear evidence to the effect that the [Board's] 'regular' mailing practices are not regular or that they were not followed, the Secretary is no longer entitled to the benefit of the presumption and the burden shifts to the Secretary to establish that the [Board] decision was mailed to the veteran . . . as required by 38 U.S.C. § 7104(e).

*Ashley*, 2 Vet.App. at 309. In *Chute v. Derwinski,* the Court held that the presumption of regularity was rebutted where the Secretary was unable to demonstrate that the Board had mailed notice of its decision and the appellant's correspondence reflected that he was seeking information regarding the status of Board review after the Board decision had allegedly been mailed to him. *Chute*, 1 Vet.App. 352, 353 (1991) (per curiam order).

B. Application of Law to Facts of Case

1. Presumption of Regularity

The Court, for the purpose of ruling on the Secretary's motion to dismiss, will assume that the presumption of regularity attached to the Board's mailing of notice of its December 19, 2002, decision on that date to the appellant's last known address: 206 Far West Road, Llano, Texas 78643. *See Woods,* 14 Vet.App. at 220; *Ashley*, 2 Vet.App. at 309. Having so assumed, the Court, for the reasons set forth below, concludes that the record before the Court contains clear evidence, in addition to the appellant's statement of nonreceipt, that is sufficient to rebut the presumption. *See Ashley*, 2 Vet.App. at 309; *Chute*, 1 Vet.App. at 353. Having so concluded, the Court further concludes that the Secretary has failed to meet his burden of establishing that notice of the December 19, 2002, Board decision was, on that date or any other, mailed to the appellant at 206 Far West Road, Llano, Texas 78643. *See Ashley*, 2 Vet.App. at 309.

2. Rebuttal of Presumption

The evidence before the Court in this case is somewhat perplexing and reflects multiple irregularities in VA's handling of the appellant's case that, coupled with the appellant's assertion of nonreceipt, constitute the clear evidence that is necessary to rebut the assumed presumption of regularity and shift the burden of persuasion onto the Secretary. Specifically, the preliminary record reflects that the appellant's claims file contains several documents that relate to his son's April 2002 claim. *See* PR. at 20-26. Although that fact in isolation might appear unremarkable, some of those documents were, for reasons unknown, addressed to the appellant at his son's Kingwood, Texas, address. *See* PR. at 26, 38. Of the greatest significance are (1) Michael Sthele's October 2002 Substantive Appeal in which he listed his father's name and gave his own address as 2907 Holly Green, Kingwood, Texas, and (2) a courtesy copy of a January 2003 letter, regarding Michael Sthele's claim, that was sent to the appellant at his son's Kingwood, Texas, address. *See* PR. at 25-26. Also significant is the February 21, 2003, report of contact form, which reflects that the appellant had contacted the Board to, as characterized by VA records, inform the Board that his "new address" was 206 Far West Road, Llano, Texas 78643. *See* PR. at 27.

The declarations submitted on behalf of the Secretary reflect that before mailing a copy of the Board's December 19, 2002, decision to the appellant, a VA employee would have "verifie[d]

8

the appellant's address by reviewing the claims folder for the most recent, dated[] correspondence, *either* from the appellant to VA *or* . . . to the appellant from a VA facility, and matching that address to the address noted on [the] VACOLS." July 26, 2004, Decl. of Mary Ellen Larkin, para. 3 (emphasis added). Consequently, if the Board followed the procedures outlined in the declarations submitted to the Court, when the Board was faced with determining the appellant's last known address for the purpose of mailing him a copy of its December 19, 2002, decision, it could have, based on the preliminary record submitted by the Secretary in this case, identified Michael Sthele's October 3, 2002, Substantive Appeal, which listed the *Kingwood*, Texas, address, as the "most recent dated[] correspondence" in *the appellant's* claims file. Making this even more plausible is the fact that VA has admitted to incorrectly listing the appellant in the instant case as the appellant in his son's case. *See* July 22, 2004, Decl. of Clarence J. Joe, Jr., Chief of the Hearing and Transcription Unit at the Board, para. 6 ("[T]he January 2003 correspondence did not identify the proper appellant."). The Court is therefore left with serious doubt as to whether the December 19, 2002, Board decision was mailed to an address other than Michael Sthele's Kingwood, Texas, address. Furthermore, given the fact that the January 28, 2003, letter (PR. at 38) and a courtesy copy of that letter, addressed to the Oklahoma Department of Veterans Affairs (PR. at 26), were mailed to the appellant at the Kingwood, Texas, address, the Court finds it difficult to conclude that the "most recent dated[] correspondence" in the appellant's claims file at that time–the December 19, 2002, Board decision–had not also been mailed to the Kingwood, Texas, address.

In light of the foregoing analysis, we hold that any presumption of regularity applicable here has been rebutted by clear evidence. *See Chute*, 1 Vet.App. at 353. Consequently, the burden is shifted onto the Secretary to establish that notice of the Board's December 19, 2002, decision was mailed to the appellant as is required pursuant to section 7104(e) or that the appellant in fact received a copy of that decision. *See Ashley*, 2 Vet.App. at 309. The Secretary, for the reasons outlined below, has failed to meet his burden.

### 3. Secretary's Burden to Establish Actual Mailing

First, of significant concern to the Court is VA's admission that "there are currently no written standard operating procedures regarding the date[-]stamping and mailing of Board decisions." July 26, 2004, Decl. of Eva Gaskins, para. 4. The fact that it took several declarations

from various VA personnel to explain the Board's procedures for date-stamping and mailing Board decisions fails to portray a system imbued with consistency or uniformity. Second, the Potes declaration merely reflects that upon his "review" of the appellant's claims folder and the information available in the VACOLS it was Mr. Potes's "understanding" that the December 19, 2002, decision was mailed to the appellant at 206 Far West Road, Llano, Texas, "on that date." Secretary's Response to Jan. 7, 2004, Court order, Exhibit 2, para. 3. In addition to the fact that Mr. Potes failed to account for Michael Sthele's October 2002 Substantive Appeal, which listed the Kingwood, Texas, address and was contained in the appellant's claims file, the Court finds particularly troubling Ms. Larkin's assertion that Mr. Potes, in a March 2004 declaration submitted to the Court in *Calloway*, No. 03-1980, "was incorrect in stating that the Board mailed the appellant's copy of the Board decision in that case to the 'last known address.'" *Id.* at para. 5. The Court takes judicial notice that the language used by Mr. Potes in his declaration in *Calloway* is substantially similar to that used by Mr. Potes in the January 2004 declaration submitted by the Secretary in this case. In light of Ms. Larkin's declaration and the nature of the two Potes declarations, the Court concludes that the Potes declaration in the instant appeal is devoid of probative worth on the question of whether the Secretary has satisfied his burden of proving that notice of the Board's December 19, 2002, decision was mailed to the appellant as is required pursuant to section 7104(e).

Third, the Court acknowledges that VA has attempted to explain the manner in which the VACOLS operates and provided a printed copy of a VACOLS "Attachment Detail" screen that appears to reflect that a Board decision regarding the appellant was attached on December 16, 2002, and that the address to which the decision was to be mailed was 206 Far West Road, Llano, Texas 78643. *See* July 26, 2004, Decl. of Martin E. Yancey, Attachment at 2. However, nowhere does the Secretary explain how that address was transferred from the VACOLS onto the "address page" that was fitted into the envelope that was actually mailed to the appellant (June 25, 2004, Decl. of Steven L. Keller, para. 3(b)), and neither the Board decision itself nor any document associated with the decision bears the Llano, Texas, address asserted by the Secretary to have been used as the appellant's mailing address. In addition, there was a three-day gap between the December 16, 2002, attachment of that address data in the VACOLS, *see* July 26, 2004, Decl. of Martin E. Yancey, para. 7, and the December 19, 2002, date-stamping and alleged mailing of the decision. Moreover, the

Secretary has not adequately assured the Court that the historical data referred to by Mr. Yancey is permanent and cannot be modified to "correct" a subsequently discovered error. Indeed, the evidence submitted by the Secretary reflects that various VA personnel have the computer capability to make changes to the data contained within the VACOLS system. July 26, 2004, Decl. of Martin E. Yancey, para. 3; July 26, 2004, Decl. of Mary Ellen Larkin, para. 3. Such assurance is vital, particularly because the VACOLS is within the exclusive control of VA and because that system is generally inaccessible to claimants and their representatives. Accordingly, the Court holds that the Secretary has failed to meet his burden of demonstrating that a copy of the Board's December 19, 2002, decision was mailed to the appellant at 206 Far West Road. *See Crain v. Principi*, 17 Vet.App 182, 193-94 (2003).

### 4. Timeliness of Notice of Appeal

Having so concluded, the Court further holds that the 120-day appeal period regarding that Board decision did not begin to run until the Secretary demonstrated that the decision was mailed to the appellant at his last known address or that the appellant actually received a copy of the decision. *See Clark v. Principi*, 15 Vet.App. 61, 63-64 (2001) (citing *Ashley*, 2 Vet.App. at 311). In that regard, the Court notes that the appellant has consistently maintained that he first received a copy of that decision sometime in August 2003. *See, e.g.*, Attachment to Appellant's Aug. 29, 2003, Notice of Appeal; Appellant's July 14, 2004, Response to June 29, 2004, Court bench order; Appellant's Sept. 10, 2004, Response. Although the appellant has never specified exactly when in August 2003 he first received a copy of the Board's December 2002 decision, that is of no consequence because even assuming that he received a copy on August 18, 2003, (*see* Sept. 2, 2004, Decl. of the Appellant at para. 4 (stating that he received a copy of the Board decision from the Texas Veterans Commission "in an envelope with a postmark dated August 18, 2003")), he filed his Notice of Appeal on August 29, 2003, well within the 120 days thereafter. *See Clark*, 15 Vet.App. at 64. Consequently, the Court accepts the appellant's August 29, 2003, Notice of Appeal as having been timely filed and will deny the Secretary's motion to dismiss. *See id*.

Finally, the Court notes the statement by William E. Miller, Manager of the VACO mailroom, that "[t]he VACO mailroom is currently staffed by 29 contract employees" and that a "Board employee does not stay to observe the VACO mailroom procedures once the mail is

11

transferred to the VACO mailroom." July 22, 2004, Decl. of William E. Miller, paras. 1 and 3. In his second declaration, Senior Deputy Vice Chairman Keller, in attempting to explain Mr. Miller's declaration, asserts that "[i]t is my understanding that after several years, the process had become sufficiently regularized such that the presence of a Board employee was no longer required." July 26, 2004, Decl. of Steven L. Keller, para. 4. The Court questions, but expresses no opinion on, whether the lack of a Board employee in the VACO mailroom would affect the applicability of the presumption of regularity to the Board's mailing of notice of its decisions or would contravene the requirement in section 7104(e)(1), that "[a]fter reaching a decision on a case, *the Board* shall promptly mail a copy of its written decision to the claimant at the last known address of the claimant." 38 U.S.C. § 7104(e)(1) (emphasis added); *see Davis v. Brown*, 7 Vet.App. 298, 303 (1994) ("[T]he phrase 'the B[oard] shall promptly mail' in [section] 7104(e) means that the B[oard] decision must be correctly addressed, stamped with the proper postage, and delivered directly by the B[oard] into the custody of the U.S. Postal Service.").

### III. CONCLUSION

On consideration of the foregoing, the parties' pleadings, and the preliminary record, the the Secretary's motion to dismiss this appeal is denied.

The Court orders that, not later than 60 days after the date of this order, the Secretary file and serve on the appellant the designation of the record on appeal. The appeal is returned to a single judge for disposition.

*It is so ordered*.

12