**THIS VERSION OF THE OPINION INCLUDES THE MAY 10, 2010, ERRATA**

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 08-0240

ROBERT V. POSEY, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued March 16, 2010[1]                                              Decided April 23, 2010)

*Sara E. Collier,* of Oklahoma City, Oklahoma, for the appellant.

*Nhu P. Nguyen,* with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel; all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, LANCE, and SCHOELEN, *Judges*.

HAGEL, *Judge*, and LANCE, *Judge*, filed concurring opinions.

PER CURIAM: Robert V. Posey appeals through counsel a July 17, 2007, Board of Veterans' Appeals (Board) decision that determined that new and material evidence had not been submitted to reopen a previously denied claim for VA benefits for a respiratory disorder. This matter is before this panel as a result of Mr. Posey's response, and the Secretary's subsequent reply to that response, to an order to show cause why his appeal should not be dismissed due to lack of timely filing of the Notice of Appeal. Because the Court concludes that the document submitted to the Court is, in fact, a motion for reconsideration of the Board decision rather than a Notice of Appeal, the Court will dismiss Mr. Posey's appeal without prejudice.

---

[1] The Court expresses its appreciation to Widener University School of Law, in Wilmington, Delaware, for hosting oral argument in this case.

## I. FACTS

Mr. Posey initially sent the document purported to be a Notice of Appeal from the Board's July 17, 2007, decision to a VA regional office, where it was received on November 8, 2007. The regional office mailed that document to the Court on January 19, 2008. The Court received the document on January 22, 2008, more than 120 days from the date stamped on the front of the Board decision.

In response to the order to show cause why his appeal should not be dismissed for lack of jurisdiction due to an untimely filed Notice of Appeal, Mr. Posey argued in his brief that (1) the Board failed to mail its decision to his correct address and as a result it was returned to the Board as undeliverable; (2) the Board was aware of a different address for him; (3) he did not receive a copy of the Board decision mailed to him by the Board on July 17, 2007; and (4) the copy he later received did not comply with 38 C.F.R. § 20.1100(a) because the Board decision was not stamped on its face with the date the decision was re-sent.

In his brief, the Secretary conceded that the Board initially mailed the July 17, 2007, decision to an incorrect address. However, the Secretary asserted that the regional office re-sent the Board decision to Mr. Posey at his correct address on September 15, 2007. As evidence of this, the Secretary pointed to an internal VA memorandum in Mr. Posey's claims file that contains an unsigned, handwritten note indicating that the attached Board decision was re-sent. The Secretary noted that, on November 8, 2007, VA received from Mr. Posey a document that the Secretary characterized as an appeal from the July 2007 Board decision. The Secretary argued that Mr. Posey's correspondence demonstrates that the Board decision was re-sent on September 15, 2007, the date indicated in the handwritten note. Finally, the Secretary argued that § 20.1100, which requires that the date the Board decision was mailed be stamped on the face of the Board decision, is unrelated to whether Mr. Posey timely filed a Notice of Appeal with the Court and does not control the Court's jurisdiction over Mr. Posey's appeal.

Prior to oral argument, the Court issued an order directing the parties to be prepared to discuss the relevance, if any, of the Court's decisions in *Boone v. Shinseki*, 22 Vet.App. 412 (2009), and *Kouvaris v. Shinseki*, 22 Vet.App. 377 (2009). Those decisions found that documents purporting to be Notices of Appeal initially filed by the appellants at the agency and later received by the Court

2

beyond the 120-day filing period were, because of their content, not Notices of Appeal but rather motions for reconsideration of the Board decisions. Because the documents were submitted to VA within 120 days of the Board decisions and were held to be motions for reconsideration, they tolled the finality of those decisions. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). At oral argument, both Mr. Posey and the Secretary argued that the document received by the Court on January 22, 2008, was a Notice of Appeal from the July 17, 2007, Board decision.

## II. ANALYSIS

### A. Jurisdiction

The Court has an independent duty to determine its own jurisdiction, even if the matter is not raised by the parties. *Clemons v. Shinseki*, 23 Vet.App. 1, 3 (2009) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). Accordingly, the Court must first determine the nature of the document received by the Court on January 22, 2008–which both parties assert is a valid Notice of Appeal–before the Court can turn to the question of the timeliness of the filing of that document.

"It is well settled that a document filed with the Court will be liberally construed to constitute a [Notice of Appeal] "'as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court.'"" *Kouvaris*, 22 Vet.App. at 379 (quoting *Durr v. Nicholson*, 400 F.3d 1375, 1381 (Fed. Cir. 2005) (quoting *In Re Rules of Practice & Proc.*, U.S. Vet.App. Misc. No. 1-02 (Sept. 17, 2002))). Accordingly, "the failure to explicitly ask for judicial review, or state that one is appealing, does not necessarily mean that a document filed with the Court will not be considered [a Notice of Appeal]." *Id.* However, in this case, the document submitted by Mr. Posey evinces no intent to seek review by the Court, and the circumstances surrounding its filing strongly suggest that it is more properly considered a motion for reconsideration of the Board decision.[2]

---

[2] The Court notes that Mr. Posey's documents were received by the regional office 114 days after the July 2007 date stamped on the face of the Board decision. At oral argument, neither party argued the significance of this fact. As such, the Court notes the timing of the submission for factual purposes only, without making any judgment regarding the bearing of that fact on the characterization of the document submitted.

3

First, Mr. Posey's submission contains a VA Form 1-9, entitled "Appeal to Board of Veterans' Appeals." Second, on that form, Mr. Posey checked the box labeled "I want a [Board] hearing in Washington, D.C." Third, Mr. Posey attached a letter to the Form 1-9 addressed to the VA regional office in Lakewood, Colorado (where the form and letter were received on November 8, 2007). Fourth, the salutation of Mr. Posey's letter reads: "To the Honorable Board of Veterans Affairs." Fifth, in his letter, Mr. Posey reiterates his desire "to have a video conference hearing with one of the [B]oard members in Washington, D.C." Nowhere in his letter does Mr. Posey refer to the Court or indicate that he is seeking review of the Board's decision by the Court. Rather, the Court is convinced Mr. Posey was seeking to have the Board reconsider its July 2007 decision.

> Pursuant to regulation,
>
> a motion for reconsideration must be in writing and must include (1) the name of the veteran, (2) the applicable VA file number, and (3) the date of the Board's decision to be reconsidered. It must also set forth the alleged obvious error of fact or law in the applicable decision of the Board, or other appropriate basis for requesting reconsideration.

*Boone*, 22 Vet.App. at 414 (citing 38 C.F.R. § 20.1001(a)). Mr. Posey's November 2007 filing meets all of these requirements: Mr. Posey's name appears in four places on the form and letter; his VA file number appears on both the Form 1-9 and the letter; Mr. Posey's letter contains the reference line "Appeal to Recent Decision July 17, 2007;" and the letter lists a number of pieces of evidence Mr. Posey argues the Board either did not consider or to which it did not assign enough weight. Although subsection (b) of § 20.1001 provides that a motion for reconsideration must be filed with the Board, "strict compliance as to where within VA the motion for reconsideration is filed is not required." *Id.* (citing *Jaquay v. Principi*, 304 F.3d 1276, 1287 (Fed. Cir. 2002) (holding that the language of 38 C.F.R. § 20.1001(b) stating that motions for reconsideration "must be filed at the following address" is merely for the administrative convenience of the Board), *overruled on other grounds by Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009)). Therefore, the fact that Mr. Posey mailed this document to the regional office rather than the Board is irrelevant.

The Court is also not persuaded by the parties' assertions at oral argument that Mr. Posey's use of the word "appeal" in his submission demonstrates his intent to seek judicial review. Mr. Posey's use of the word "appeal" does not necessarily dictate the result when, as here, a review of

his submission in its entirety and the circumstances surrounding its filing at the regional office fails to evince an intent to seek *judicial* review. *See Durr*, 400 F.3d at 1380; *Boone*, 22 Vet.App. at 414; *Kouvaris*, 22 Vet.App. at 380.

In light of this discussion, the Court concludes that Mr. Posey's filing is not a Notice of Appeal. It is, however, a motion for reconsideration, which, not having been acted on by the Board, is still pending below. *See Boone*, 22 Vet.App. at 414-15; *Kouvaris*, 22 Vet.App. at 381. Accordingly, there is no appeal over which the Court has jurisdiction, and the Court will therefore dismiss Mr. Posey's appeal without prejudice to refile, should the Board decision, when final, be adverse to Mr. Posey. *See Rosler*, 1 Vet.App. at 249.

B. Secretary's Mailing Procedures

Although the Court has disposed of this matter on a jurisdictional basis, we feel compelled to comment on the Secretary's filings and arguments in this case. In his response to the show cause order, Mr. Posey acknowledged the presumption of regularity that the Secretary is afforded in mailing Board decisions, but contended that the presumption had been rebutted by virtue of the fact that the copy of the Board decision mailed on July 17, 2007, was returned to the Board as undeliverable due to an incorrect address and that the Board was aware of a different address for Mr. Posey at the time the decision was initially mailed. Appellant's Response at 2-3; *see Sthele v. Principi*, 19 Vet.App. 11, 16-17 (2004) (holding that the Board is presumed to have properly mailed a copy of its decision to the last known address of a claimant, and the claimant's representative, if any, on the date that the decision was issued). In his reply, the Secretary conceded that the presumption of regularity had been rebutted because the Board was aware of a different address for Mr. Posey but mailed the July 17, 2007, Board decision to the wrong address. Secretary's Brief (Br.) at 4. The Secretary then acknowledged that the burden shifted to him "to demonstrate proper mailing or actual receipt of the Board decision[,] after which the 120-day [appeal] period will begin to run." *Id.* (citing *Hampton v. Nicholson*, 20 Vet.App. 459, 461 (2006); *Sthele*, 19 Vet.App. at 17). His attempt to demonstrate proper mailing, however, fell short of his goal.

The Secretary relied on a handwritten note, presumably made by an employee of the regional office, on an internal memorandum attached to a copy of the Board decision that states: "Resent the attached (July 17, 2007[,] [Board] decision letter) on Sep[tember] 15, 2007 – Address obtained from

[Compensation and Pension Record Interchange] to: [Mr. Posey's proper address]." The Secretary also argued that Mr. Posey's November 2007 submission to the regional office (which the Court determined above was a motion for reconsideration) demonstrated that the Board decision had been re-mailed on September 15, 2007. Secretary's Br. at 4.

At oral argument, the Court questioned the reliability of the handwritten note. The Secretary's counsel asserted that the note was, in fact, reliable because it was made contemporaneously with the purported September 15, 2007, re-mailing of the Board decision and kept in the ordinary course of business. The Court interpreted this argument as an attempt to have the Court accept the note as a business record, which is an exception to the hearsay rule. *See* FED. R. EV. 801(c), 803(6). However, the Secretary failed to appreciate that the business records exception to the hearsay rule has its foundation in the assumption that a record that is regularly kept for purposes of the efficient operation of a business or government entity will be kept in accordance with a demonstrated regular practice of that organization. Thus, a business record is reliable only where "it was the regular practice of that business activity to make the [offered record]," and only when that regular practice is attested to by "the custodian of the record or other qualified witness, or by certification." FED. R. EV. 803(6). Although the Court is not bound by the Federal Rules of Evidence, we note that the presumption of administrative regularity regularly relied upon by, and afforded to, the Secretary under our caselaw and the hearsay exception for business records offered by the Federal Rules both have at their root a showing that the writing was the product of a consistent, reliable procedure. *See Nieves-Rodrigues v. Peake*, 22 Vet.App. 295, 302 (2008) (stating that the Federal Rules of Evidence are not binding on the Court, but may provide "useful guidance" in some circumstances); *Sthele*, 19 Vet.App. at 16-17 (discussing the presumption of regularity).

What the Secretary failed to do in this case was demonstrate that the remailing procedure followed in Mr. Posey's case (i.e., a handwritten notation by an unidentified person on an internal document not sent to the claimant) is the consistent and regular procedure that VA follows in cases in which the Board decision is returned as undeliverable and remailed to the claimant at a different address. *See Sthele*, 19 Vet.App. at 18-19. The Secretary contended that 38 C.F.R. § 20.1100, requiring that Board decisions be stamped with the date of mailing, does not concern procedures to be followed in the case of Board decisions returned as undeliverable. At oral argument, the

6

Secretary's counsel stated that the disputed handwritten notation was made "contemporaneously" with the re-mailing of the Board decision, but offered nothing more than her word that this was so. At no time has the Secretary produced, or offered to produce, affidavits of VA personnel to support his argument that simply noting on an internal document that a Board decision was re-mailed on a particular date plausibly demonstrates the actual date the Board decision was re-mailed, nor did he file any attachments with his brief demonstrating an established policy for the re-mailing of Board decisions. The Secretary, despite his best attempts, cannot make an action "contemporaneous" simply by saying it was.

At oral argument, the Secretary's counsel attempted to rely on the VA *Adjudication and Procedure Manual* to support this position, despite not having included that document in the Secretary's brief in reply to Mr. Posey's response to the Court's show cause order, and without notifying Mr. Posey's counsel that she intended to rely on that document or providing Mr. Posey's counsel with that document. In any event, we note that the *Manual* provision offered by the Secretary's counsel does not provide any more support for the Secretary's position than did his counsel's unsupported statement at oral argument. In fact, the *Manual* demonstrates that VA indeed *does* have a procedure to be followed in cases such as Mr. Posey's, and that the procedure was *not* followed in Mr. Posey's case:

> If the decision was *not* mailed to the appellant's current address:
> - mail a photocopy to the most recent address of record
> - update [the Veterans Appeals Control Locator System]
> - annotate the decision with the new address and the date it was remailed[;] however[,]
> - do *not*, under any circumstances, change the date stamped on the first page of the decision.

VA Adjudication and Procedure Manual, M21-1MR, Part 1, ch. 5, § G, subsec. d. In Mr. Posey's case, the *decision* was not annotated with the new address and the date it was re-mailed–the annotation was made on an internal VA document never sent to Mr. Posey–and therefore does not comport with VA's established procedure.[3] Although we do not have to decide the ultimate question

---

[3] We set aside, for the purposes of this discussion, the obvious incongruity and confusion that must result from not changing the date stamped on the front of the Board decision to the date the decision was re-mailed to the correct address when the notice of appellate rights states that a claimant has 120 days from the stamped date to appeal, rather

of whether VA successfully met its burden to demonstrate proper mailing or actual receipt, the Court feels compelled to state how troubled it is by VA's continued inability to follow its own procedures and its lackadaisical approach to litigating this case.

### III. CONCLUSION

Upon consideration of the foregoing, Mr. Posey's appeal of the July 17, 2007, Board decision is DISMISSED without prejudice.

HAGEL, *Judge*, concurring: I fully concur in the Court's decision, but I write separately to express my concern over the central issue in this case.

It has become clear to me that VA somewhat routinely holds correspondence from claimants that it determines, sometime after receipt, are Notices of Appeal to this Court. As a result, in far too many cases, the Court receives the Notice of Appeal from VA only after the 120-day appeal period has expired, permitting the Secretary to then move to dismiss the appeals for lack of jurisdiction. *See, e.g.*, *Rickett v. Shinseki*, ___ Vet.App. ___, No. 09-2493 (March 19, 2010) (VA forwarded appellant's otherwise timely Notice of Appeal to the Court more than one month after 120-day period had expired); *Irwin v. Shinseki*, 23 Vet.App. 128 (2009) (Board forwarded Notice of Appeal to Court more than four months after receipt and approximately one month after the 120-day period expired)*; Bronson v. Shinseki*, No. 09-3554, 2010 WL 1507648 (Vet.App. Apr. 16, 2010) (Board forwarded appellant's otherwise timely Notice of Appeal to the regional office more than two months after receiving it; the regional office forwarded it to the Court more than one month after the 120-day appeal period had expired); *Harris v. Shinseki*, No. 09-0567, 2010 WL 668926 (Vet.App. Feb. 26, 2010) (veteran informed of (otherwise timely) misfiling by VA nearly four months after 120-day period had expired); *Stambush v. Shinseki*, No. 08-2984, 2010 WL 318493 (Vet.App. Jan. 28, 2010) (VA forwarded appellant's otherwise timely Notice of Appeal to regional office, which then forwarded the document to the Court more than one month after 120-day period had expired); *Bove v. Shinseki*, No. 08-1468, 2010 WL 318524 (Vet.App. Jan. 28, 2010) (regional office forwarded

---

than 120 days from the handwritten date.

8

otherwise timely Notice of Appeal more than six months after receipt); *Williams v. Shinseki*, No. 07-2548, 2009 WL 4979749 (Vet.App. Dec. 22, 2009) (Board forwarded otherwise timely Notice of Appeal to Court more than 14 months after receipt); *Horne v. Shinseki*, No. 09-2042, 2009 WL 3446348 (Vet.App. Oct. 28, 2009) (VA forwarded appellant's otherwise timely Notice of Appeal seven months after receipt); *Mendoza v. Shinseki*, No. 08-3406, 2009 WL 3389907 (Vet.App. Oct. 22, 2009) (regional office forwarded otherwise timely Notice of Appeal nearly four months after 120-day period expired); *Humphreys v. Shinseki*, No. 08-2633, 2009 WL 3353032 (Vet.App. Oct. 20, 2009) (regional office did not return otherwise timely Notice of Appeal to appellant for more than seven months, causing appellant's Notice of Appeal to the Court to be filed after the expiration of the 120-day period); *Murray v. Shinseki*, No. 06-3271, 2009 WL 3157534 (Vet.App. Sept. 29, 2009) (Board forwarded otherwise timely Notice of Appeal to regional office, which forwarded it to the Court more than one month after the 120-day time period expired).

Although Mr. Posey has not been harmed by VA's actions in this case, because the Court has determined that the document he submitted to VA was not a Notice of Appeal, I am compelled to comment on the inherent unfairness to claimants that is created by VA's actions or lack thereof. The failure of administrative staff at the regional office or the Board to recognize a document as a Notice of Appeal and the subsequent failure to either return the document to the claimant or forward it to the Court within a reasonable time prior to the expiration of the 120-day appeal period could be attributable to simple inattention or lack of awareness on the part of the administrative staff, rather than to any overt attempt to deny claimants the ability to appeal adverse Board decisions. However, VA's insistence on seeking to terminate a claimant's appeal to the Court by drafting and filing a motion to dismiss that appeal as untimely at least implies more conscious thought than administrative oversight.

I am a firm believer that it is not the place of the Court to provide specific suggestions to the Secretary regarding the operations of VA. In some cases, however, it is important to point out the impact, perhaps unknown to the Secretary, of the agency's procedures. The Secretary, after all, has options other than moving to dismiss the case. One, described more fully below, is not to forward the Notice of Appeal to the Court when to do so would result in the claim's dismissal and consequent bar from further review on the same facts, and instead treat the Notice of Appeal as a motion for

9

reconsideration of the Board decision. Another, if the Notice of Appeal was forwarded to the Court after the expiration of the 120-day appeal period, is for VA to seek to recover jurisdiction. *See Cerullo v. Derwinski*, 1 Vet.App. 195 (1991) (holding that VA may indicate, after a Notice of Appeal is filed with the Court, that it is inclined to grant reconsideration of the Board decision, in which case VA must file a motion for remand with the Court). A third would be to critically examine the clarity of the current notice of appellate rights provided to claimants by the Board after each adverse Board decision.

As the Court has acknowledged in many cases, most recently in *Rickett*, it is ultimately the responsibility of the appellant to properly address and file a Notice of Appeal to this Court. *Rickett*, ___ Vet.App. at ___, slip op. at 6. However, the Secretary's ability to hold–without consequence to VA–Notices of Appeal that would have been timely had they been filed with the Court until such time as the appeal period has expired forces the Court to dismiss the appeal because we are bound by prior caselaw.[4] *See Rickett*, ___ Vet.App. at ___, slip op. at 3 (holding that a timely Notice of Appeal misfiled with VA cannot be "deemed filed" at the Court); *Irwin*, 23 Vet.App. at 131 (holding that misfiling a Notice of Appeal with VA does not toll the time period to file an appeal with the Court); *Henderson v. Peake*, 22 Vet.App. 217, 220-21 (2008), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (holding that equitable tolling of the time to file an appeal with the Court is not available under any circumstances). Not only does this result in a gross unfairness to appellants, but also it has the effect of interfering with the Court's jurisdiction by removing cases (and the issues associated with them) from the Court's consideration.

Although there is no evidence, and I do not charge, that it is VA's intention to deprive veterans or their survivors of their ability to appeal Board decisions to the Court, that, nevertheless, is the result of VA's actions. Admittedly, VA is a huge agency and it routinely handles many, many more claims than this Court does appeals. Despite that fact, in my view, the agency would do well to undertake an evaluation of its correspondence review procedures to ensure that communications from claimants following an adverse Board decision are properly interpreted and forwarded to the

---

[4] One Judge of this Court takes a contrary view and would find it within the Court's authority to treat Notices of Appeal filed with VA within 120 days of the Board decision as "deemed filed" with the Court, a position with which my concurring colleague and I disagree. *See Rickett*, ___ Vet.App. at ___, slip op. at 6-11 (Kasold, J., dissenting). My reasons for disagreeing are set forth below.

Court in a timely manner or returned to the claimant with proper explanation, rather than held until it is too late for the claimant to exercise his or her right to independent judicial review. *See, e.g.*, U.S. VET. APP. R. 3(a) (stating that a Notice of Appeal may be filed by facsimile transmission); U.S. VET.APP. ELECTRONIC R. 2(c) (providing for the filing of a Notice of Appeal as an attachment to an electronic mail message).

Of course, Congress also has the ability to easily fix this problem. Should Congress choose to do so, however, I believe great care should be taken to preserve the distinction between independent *judicial* review and agency adjudication. Below are two possible options.

First, some have suggested that the Court might deem Notices of Appeal filed with VA within 120 days of the adverse Board decision timely Notices of Appeal to the Court. *See Rickett*, ___ Vet.App. at ___, slip op. at 6-11 (Kasold, J., dissenting). This, I believe, is the wrong approach. Permitting Notices of Appeal to be routinely filed with VA rather than the Court would blur the line between review by an independent federal court–a review conducted by Federal judges appointed by the President of the United States and confirmed by the United States Senate–and internal review by VA employees, a line that should be sharply and precisely drawn. Thus, in my view, any change in the law that would permit Court documents to be filed with the administrative agency–which has already denied the appellant's claim at least twice–would only result in further confusion for claimants regarding the relative roles of VA and the Court.

Another option–one that would preserve the important distinction between the Court and VA–would be for Congress to amend 38 U.S.C. § 7103 (governing reconsideration of Board decisions) or 38 U.S.C. § 7266 (regarding Notices of Appeal) to include language providing that a Notice of Appeal filed with VA during the 120-day appeal period following an adverse Board decision will be treated as a motion for reconsideration of the Board decision if VA does not forward the Notice of Appeal to the Court in a timely manner. The consequence of such a change would cause these documents to be processed in accordance with the procedures currently in place for such

11

motions, and thus preserve the claimant's right to judicial review.[5]  *See Rosler v. Derwinski*, 1 Vet.App. 241 (1991).

LANCE, *Judge*, concurring:  Given the number of cases involving misfiling of Notices of Appeal (NOAs) seen by this Court and referenced by my colleague in his separate statement, it is clear that there exists a problem requiring a solution.  While there is no evidence of intentional delay by employees of the Secretary, the perception can easily develop that VA can defeat the jurisdiction of this Court by merely "running out the clock" on the veteran in cases of misfiled NOAs.  That is unacceptable.  The perception will persist until such time as the Secretary develops uniform practices and procedures dealing with misfiled NOAs.  The frequency of the problem would suggest that there may be confusion in instructions given to veterans.  Of course, the Secretary, if he elects, can merely return the misfiled NOAs within a reasonable amount of time and advise veterans to perfect their appeal in a timely manner with instructions as to where to send their NOA.  This procedure, if used in a consistent manner and properly documented, would become the business practice of the Secretary and the resultant time lost in the process would be the responsibility of the veteran and not attributable to the Secretary.  Anything less might well continue to taint, by perception if not by practice, both the Secretary's duty to assist and the appellate process of this Court.  *Cf.* ABA MODEL CODE OF JUDICIAL CONDUCT Preamble ¶ 2 (2007) ("[Judges] should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.").

In the appropriate circumstance, the Court may well construe any misfiling of an NOA without appropriate and timely corrective action by the Secretary as a request for reconsideration by the Board, which will merely add additional burdens to a burdened system.  In the past, the Court has held that the Secretary's actions can result in a waiver of the technical requirements associated with filing a Substantive Appeal.  *See Gonzalez-Morales v. Principi*, 16 Vet.App. 556, 557 (2003);

---

[5] Given the obligations of VA in the "paternalistic veterans' benefits system to care for those who served their country in uniform," there is nothing preventing VA from taking this action on its own.  *Jaquay*, 304 F.3d at 1280. Should this change take place, whether by policy or by statute, it would further assist claimants if any letter that denied reconsideration clearly explained how and why the case was treated as a motion to reconsider.  Further, because in these types of cases, the claimants are often apparently confused by the standard notice of appellate rights initially provided by VA, any such letter (or reconsidered opinion) might more clearly state the means of obtaining judicial review.

*Roy v. Brown*, 5 Vet.App. 554, 556 (1993) (noting that in *Rowell v. Principi*, 4 Vet.App. 9 (1993), there was an implicit waiver by the Secretary of the Substantive Appeal requirement). It seems reasonable that the logic applied in the Court's Substantive Appeal cases would also apply to the technical requirements associated with filing a motion for reconsideration.

Ultimately, it is the Secretary's charge to develop those methods and practices necessary to discharge his obligations, but it is this Court's obligation to ensure that rights and protections given to veterans by Congress and a grateful citizenry are effectuated in the spirit as well as letter of the law.