NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**HARVEST O. TOOMER,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————

2012-7130

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4086, Judge Bruce E. Kasold.

———————————

Decided: May 1, 2013

———————————

ETHAN Y. LEE, Milbank, Tweed, Hadley & McCloy, LLP, of New York, New York, argued for claimant-appellant. With him on the brief was LAWRENCE KASS.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTA A. SHRIBER Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––

Before LOURIE, CLEVENGER, and REYNA, *Circuit Judges.*

CLEVENGER, *Circuit Judge*

Harvest O. Toomer ("Toomer") appeals the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissal of his disability claim for failure to file a Notice of Appeal with 120 days of his Board of Veterans' Appeals ("Board") decision, as required by 38 U.S.C. § 7266(a). *Toomer v. Shinseki*, No. 09-4086 (Vet. App. Mar. 12, 2012) ("*Order*"). Because the Veterans Court erred as a matter of law in failing to consider Toomer's evidence rebutting the presumption that the Board mailed his decision on the day it was decided, we vacate and remand.

I

Toomer served in the Army on active duty from 1971 to 1974. After his service, Toomer sought disability benefits for degenerative disc disease. In September 2004, the Department of Veterans Affairs ("VA") Regional Office denied Toomer's claim, finding that he did not prove that his current disability was service connected. Toomer appealed to the Board, which again denied his claim on

the merits. A33. The Board's decision was issued on June 2, 2009.

Toomer alleges that he never received a copy of the Board decision purportedly mailed on June 2. Toomer called the Board on July 27, 2009, and requested information about his case. The VA indicated that it would send him another copy of his Board decision.

On August 4, the VA mailed Toomer a packet containing four documents. The first document is a cover letter stating:

> On June 02, 2009 the [Board] entered a decision in your appeal, a copy of which was mailed to your most recent address of record at that time. However, on July 27, 2009 you informed VA that you had not yet received your copy.

> I am furnishing you with another copy of the Board's June 02, 2009 decision.

A37. This document is date-stamped August 4, 2009, and is signed by a member of the Decision Team Support Division. *Id.* The second document is a copy of the VA's cover letter that was sent with the alleged first mailing. This document is hand-dated "6/02/09." A10. The third document is a copy of Toomer's Board decision denying him service connection on the merits of his case. A11. This document is also hand-dated "6/02/09," and on the last page there is a signature block which is stamped "FILE COPY." A18. There is no Veterans Law Judge signature anywhere on the document. Finally, the fourth document is VA Form 4597, which alerts the veteran to his or her appeal rights. A19. VA Form 4597 states that the Veteran has 120 days "from the date this decision was mailed to you (as shown on the first page of this decision)" to file an appeal to the Veterans Court.

Toomer reviewed the materials in the packet sent by the VA, and filed his notice of appeal to the Veterans Court on October 28, 2009, within 120 days of August 4, but outside of the 120-day window from June 2.

The Veterans Court ordered Toomer to show cause why his appeal should not be dismissed for failing to file within 120 days of June 2.

In response, Toomer made two arguments. First, Toomer argued that the VA's first mailing should not be entitled to the presumption of regularity. Toomer also asked that the Veterans Court equitably toll the filing period because Toomer was misled by the VA's August 4 cover letter. The Veterans Court rejected both of the arguments and dismissed Toomer's appeal.

The Veterans Court did not substantively consider Toomer's equitable tolling argument because of our decision in *Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc) ("*Henderson I*"), holding that the 120-day limit to file a Notice of Appeal was jurisdictional and could not be equitably tolled. While Toomer's appeal of the Veterans Court decision was pending before our court, the Supreme Court decided *Henderson v. Shinseki*, 131 S.Ct. 1197 (2011) ("*Henderson II*"), reversing our prior decision and holding that the 120-day appeal period was not jurisdictional and could be equitably tolled.

In light of this change in the law, we remanded Toomer's appeal to the Veterans Court for consideration of Toomer's equitable tolling arguments. *Toomer v. Shinseki*, No. 2010-7120, 424 F.App'x 950 (Fed. Cir. May 25, 2011). On remand, the Veterans Court again dismissed Toomer's appeal as untimely. *Order* at 3. Toomer now appeals to our court for the second time, alleging that the Veterans Court legally erred in assessing his claim of rebuttal of the presumption that the VA's first mailing was regular. In the alternative, Toomer argues that he is entitled to equitable tolling.

## II

Our jurisdiction to review CAVC decisions is generally limited to questions of law which we review de novo. 38 U.S.C. § 7292(a); *Willsey v. Peake*, 535 F.3d 1368, 1370-73 (Fed. Cir. 2008) (explaining this Court's rule of law jurisdiction). This case presents a narrow question of law: what evidence must the VA consider when evaluating whether a veteran has rebutted the presumption of regularity?

## A

The presumption of regularity "provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004). As relevant to this case, the VA is required to mail a date-stamped, signed copy of the VA's decision to the veteran and his designated representative, if any. *See* 38 U.S.C. § 7104(e) (the VA must mail the Board decision to the Veterans address of record, and the Veterans' representative, if any); 38 C.F.R. § 20.1100(a) ("All decisions of the Board will be stamped with the date of mailing on the face of the decision"); VA Chairman Memorandum No. 01-06-09 (Board decision must be signed by the Veterans Law Judge on the last page.).

While the VA is entitled to the presumption that it mails a decision on the date it issues, *Chute v. Derwinski*, 1 Vet. App. 352, 353 (1991), the presumption is not absolute. The Veterans Court has developed a specific process to evaluate whether the veteran has rebutted the presumption.

Beginning with *Ashley v. Derwinski*, 2 Vet. App. 307, 309 (1992), and continuing in a long line of cases, the Veterans Court requires clear evidence that the VA's normal mailing practices were not followed. If the veteran presents clear evidence to rebut the presumption, the

burden then shifts to the government to affirmatively prove that they followed their normal practices and mailed the decision.

*Sthele v. Principi*, 19 Vet. App. 11 (2004), provides a good example of the application of the *Ashley* framework. In *Sthele*, the Veterans Court first considered the entirety of the veteran's irregularity evidence, *id*. at 17-18, before turning to the Secretary's affirmative evidence of mailing, *id*. at 18-19. Because the veteran's file contained several misaddressed documents and the VA's evidence "fail[ed] to portray a system imbued with consistency or uniformity," *id*. at 18, the Veterans Court held that the veteran had overcome the presumption of regularity. *See also Crain v. Principi*, 17 Vet. App. 182 (2003) (finding mailing irregular when VA used the incorrect zip code); *Thompson v. Brown*, 8 Vet. App. 169 (1995) (separately examining veteran's irregularity evidence and Secretary's affirmative evidence of mailing).

Accordingly, the Veterans Court must consider all relevant evidence of irregularity when evaluating a veteran's challenge to the presumption of regularity. While we agree that the veteran must present clear evidence of irregularity, the Veterans Court may not unduly limit its consideration of the evidence the veteran has presented. Under *Ashley* the Veterans Court must first consider the totality of the evidence the veteran presents to rebut the presumption, and then, if the Veterans Court determines it rises to the level of clear evidence, consider if the government has shown by the preponderance of the evidence that the challenged action actually occurred.

## B

In this case, Toomer presented two pieces of evidence to rebut the presumption that the Board mailed its decision on June 2. First, Toomer noted that he called the VA to inquire about the status of his case in late July. This is certainly relevant to the question of whether the VA

mailed the decision in June. It does not, however, alone rise to the level of clear evidence of irregularity. *See Crain v. Principi*, 17 Vet. App. 182, 186 (2003). ("An assertion of nonreceipt of a VA decision alone does not establish the "clear evidence" needed to rebut the presumption of regularity of the mailing.").

Second, Toomer in essence relies on *Ashley* to argue that the contents of the second mailing are additional evidence of the first mailing's irregularity. For instance, while the August cover letter in the second mailing was date stamped, the remaining documents were only hand-dated, and the Board opinion he received was conspicuously missing a signature in the signature block. Although Toomer had no way of assessing the consequences of a hand-dated and unsigned opinion, these documents could be evidence that there was no first mailing, or that a Veterans Law Judge never signed his decision.

The Secretary argues that Toomer's second copy was not irregular. The Secretary notes that no VA regulation or policy requires that a second, courtesy copy be signed and date-stamped. The Secretary asserts in his briefing that once a veteran's board decision is issued, his file—containing a copy of the original signed and date-stamped Board decision—is returned to the veteran's Regional Office. The Secretary posits that by the time Toomer requested a second copy, his decision was no longer in the possession of the Board. Respondent's Brief at 19. Apparently the Board merely printed a second copy from their files and mailed it to Toomer. This also explains how the VA was able to present a signed, date-stamped copy of Toomer's decision to the Veterans Court during Toomer's appeal.

To support its position that the VA mailed Toomer's decision on June 2, 2009, the VA submitted a declaration from Wayne Gibson, Director of Office Management, Planning, and Analysis for the Board. A46-48. Mr. Gibson

averred that, based on the Board computerized tracking system, a copy of the June 2, 2009 decision was mailed to Toomer's current address. A46-47. The Veterans Court considered this evidence and concluded that Toomer failed to rebut the presumption of regularity. *Order* at 2.

We agree with Toomer that the second mailing is at least some evidence that first mailing was irregular. However, in evaluating Toomer's evidence of irregularity, the Veterans Court only noted his contact with the Board stating that he never received a copy of his decision. *Order* at 2. The Veterans Court did address the alleged irregularities in the second mailing, but only with regard to Toomer's equitable tolling arguments. *Id.* (Toomer "fails to explain how the Board's mailing of an unsigned Board decision in August excuses his untimely filing.").

The irregularities in the second mailing should have been considered when the Veterans Court weighed Toomer's evidence of rebuttal of the presumption of regularity. For instance, the Veterans Court has held that a hand-dated, un-signed Board opinion "does not appear to be regular on its face" and was not entitled a presumption of regularity. *Alexander v. Principi*, No. 04-62, 2004 WL 728142 (Vet. App. Mar. 16, 2004) (non-precedential) (finding that an unsigned, hand-dated Board decision did not satisfy the Secretary's obligation to prove "the date on which the notice of the decision was mailed").

The Veterans Court also failed to consider Toomer's evidence separately from the Secretary's. The Veterans Court considered Toomer's call to the VA but found it "does not constitute clear evidence…especially in light of the evidence provided by the Secretary" including the Gibson affidavit. *Id.* This was incorrect under *Ashley*. The proper question is whether Toomer's evidence—taken as a whole—constitutes clear evidence to rebut the presumption of regularity. 2 Vet. App. at 309. Only then should

the Veterans Court consider rebuttal evidence from the Secretary.

Because the Veterans Court erred as a matter of law in failing to consider the totality of Toomer's irregularity evidence, and in weighing the Secretary's rebuttal evidence together with Toomer's evidence, we remand the case for a correct application of the *Ashley* framework.

## III

Toomer also argues that he is entitled to equitable tolling of the appeal period under *Henderson II*, 131 S.Ct. 1191 (2011). We need not reach this issue. If the Veterans Court on remand decides that Toomer never received the June 2 mailing, then Toomer's appeal was filed within the 120-day deadline and Toomer does not need to resort to equitable tolling. Alternatively, if the Veterans Court concludes that Toomer did not overcome the presumption of regularity, then Toomer would not be entitled to equitable tolling because he cannot show that the government violated its procedures with regard to his Board decision. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (allowing equitable tolling "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing of the deadline to pass.").

## IV

For the reasons set forth above we vacate and remand Toomer's appeal to the Veterans Court for a correct application of the *Ashley* framework.

**VACATED AND REMANDED**

Costs

No costs.